Deadebick, J.,
having been of counsel, did not sit. McEabland, Sp. J., sitting in his stead, delivered the opinion of the Court.
This hill charges that the defendant brought suit against the complainants before a Justice of the Peace of Greene County, and obtained judgment; and from this judgment they appealed to the Circuit Court of the county, where the cause is pending. That the suit was brought upon a note executed to the defendant by the complainants, for $150. That the execution of the note was procured by the defendant causing and procuring a State’s warrant to be issued against the complainant, McLin, upon a false and unjust cnarge of robbery, alleged to have been committed during the war, by taking a horse from the • defendant’s wife; and to avoid this arrest, the note was executed under actual duress. To this bill there was a demurrer, upon the ground, among others, that the complainants’ defenses to the action at law were clear and unembarrassed, and that no reason is given for transferring the investigation of the cause to a Court of Chancery.
The demurrer was overruled, the bill answered and proof taken, upon which there was a final decree in favor of the complainants, enjoining perpetually, the action at law; from which the defendant has appealed.
The defenses to the note set forth in the bill are not *680 purely • of an equitable nature. That the note was executed under duress was a defense that might well and .properly have been made at law; and it does not appear from any thing stated in the bill that this defense at law was in any manner embarrassed. That a note sued upon was executed under duress was a good defense at common law. 1 Chit. PL, 477, 484. Relief may also be granted against contracts thus obtained in equity. 1 Story Eq. Jur., § 239. And we hold that in a case of concurrent jurisdiction that if the court of law first obtain jurisdiction of the cause, the parties must be allowed to proceed to final judgment in that forum, unless the bill presents a case in which the remedy at law is embarrassed or inadequate, or in which the relief aiforded in equity is more complete and efficacious. Such, we understand to be the principle established in the case of Lindsey v. James et als, 3 Cold., 477; Taylor v. Carlyle, 20 Howard, 583; Broyles v. Arnold, decided at the present term, and many other authorities that might be cited. It would seem that a different doctrine was applied in the case of Porter v. Jones, 6 Cold., 313. However, his Honor, Judge Andrews, in delivering the opinion of the Court, fully admits the doctrine here stated; and in that case sustained the jurisdiction of the Chancery Court alone upon the ground that the court of law was unable to render complete justice between the parties, and that the relief in equity was more efficacious.
We are unable to see from any thing in this bill alleged that the complainant’s defense at law was in any manner embarrassed. Upon proving the allegations of duress as a defense to the suit in the Circuit Court, he would be entitled to a verdict and judgment in his favor, *681 and this judgment, unappealed from, would be a conclusive and final adjudication of the defendant’s right to recover upon the note in controversy, and we are unable to see that this judgment would not be complete justice to the parties, or that a court of equity could give any more complete and efficacious relief than this. True a court of equity could order the note to be delivered up and cancelled, and enjoin the defendant from using it again, but if this be a good ground for transferring the jurisdiction to a court of equity it would furnish authority for any defendant who may be sued at law upon a note or other evidence of debt, to file his bill in equity, to have the action at law perpetually enjoined, and the note cancelled upon the ground that he had paid it or was entitled to some other valid defense, and this, we think, would be in conflict with well-settled principles.
¥e are therefore constrained to reverse the decree, sustain the demurrer, and remit the complainants to their defenses at law. As the cause may be tried by a jury we intimate no opinion upon the merits.