[No. 9995. Department One.—May 25, 1889.]

## JOSEPH E. SHAIN, RESPONDENT, *v.* W. W. BELVIN, APPELLANT.

PLEADING — WANT OF CONSIDERATION FOR PROMISSORY NOTE — EQUITABLE DEFENSE. — In an action upon a promissory note, want of consideration is a legal defense; and the plaintiff does not make a case for equitable relief by averring said legal defense affirmatively, and praying that the note be delivered up and canceled. If there be any circumstances which show a right to equitable relief, they should be averred.

ID. — CROSS-COMPLAINT — AMBIGUITY RESOLVED AGAINST PLEADER. — If a defendant has a cause of cross-complaint, and wishes affirmative relief, his pleading should show distinctly that it was intended as a cross-complaint. If it commences as follows: "And for a further and separate answer and defense to said action, defendant avers by way of cross-complaint,"—the pleading will be construed against the pleader, and as against him it will be treated as an answer merely.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Ben Morgan*, for Appellant.

*Vincent Neale*, for Respondent.

HAYNE, C.—There is absolutely no merit in this appeal. The action was upon a promissory note. The

defendant offered no evidence. The sole point made is, that the document headed "answer" contains a cross-complaint, and that inasmuch as the plaintiff filed no answer thereto, the defendant should have had judgment thereon by default. The answer contains several denials, and proceeds as follows: "And for a further and separate answer and defense to said action, defendant avers by way of cross-complaint," in substance, that the note was without consideration; and then, "for a further and separate answer and defense to the complaint herein, avers by way of cross-complaint" two facts and a conclusion, which, when taken in connection with the other pleadings, tend to show the thing previously averred, viz., that the note was without consideration. The document concludes with a prayer "that said note be delivered up for cancellation, for general relief, and for costs."

The judgment in favor of the plaintiff was clearly right. In the first place, the defendant's pleading does not state facts sufficient to constitute a cause of cross-complaint. Assuming for the purposes of the case that there may be circumstances under which a note which is past due may be ordered to be delivered up and canceled on the ground that it was without consideration, it seems clear that when the holder brings an action upon it (in which, as a matter of course, he would be entitled to a jury trial), the defendant cannot take the case away from a jury and remove it to the domain of equity by averring affirmatively a legal defense to the action and praying for equitable relief. If there were any circumstances showing a right to cancellation, they should have been averred. (*Lewis* v. *Tobias,* 10 Cal. 575; *Smith* v. *Sparrow,* 13 Cal. 597.)

In the next place, if a defendant has any cause of cross-complaint, he should plead it as such. Matters which are proper as a defense will not be turned into a counterclaim or cross-complaint merely by a prayer for affirmative relief. (*Doyle* v. *Franklin,* 40 Cal. 110; *Bran-*

*nan* v. *Paty,* 58 Cal. 331–333; *Carpenter* v. *Hewel,* 67 Cal. 590.) And if a party calls his pleading a counterclaim, he will not afterward be allowed to maintain that it was really a cross-complaint, and required an answer. (*McAbee* v. *Randall,* 41 Cal. 136.) Upon the same principle a party will not be allowed to gain any advantage by giving his pleading two inconsistent characters. If matter is pleaded as a defense, it is denied by force of the statute; if it constitutes a cross-complaint, and is pleaded as such, it requires an answer from the plaintiff. It is inconsistent to say that the same matter does and does not require to be answered. The pleader should take one ground or the other, so that his adversary may know how to proceed. If he, as here, "for further and separate *answer and defense* to the complaint, avers by way of cross-complaint," etc., the rule that a pleading must be construed against the pleader applies, and as against him it may be treated merely as a defense. The words "by way of cross-complaint" may be treated as surplusage. (*Meeker* v. *Dalton,* 75 Cal. 154.) We cannot see the least shadow of excuse for the appeal. We therefore advise that the judgment and order denying a new trial be affirmed, with twenty per cent damages.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed; and it appearing to the court that the appeal herein was taken for delay, it is ordered that there be added to the costs twenty per cent of the amount of the judgment as damages, by virtue of the provisions of section 957 of the Code of Civil Procedure.