## GARBE v. WILKS.

### No. 15,726; December 11, 1894.

38 Pac. 499.

**Trial.**—A Finding "That the Plaintiff Did not on the eighteenth day of November, 1892, lend the said defendant the sum of eight hundred dollars in U. S. gold coin" is insufficient on an issue framed by a complaint which states that "within two years last past, and on or about" that day, plaintiff loaned defendant "eight hundred dollars in gold coin of the United States."

APPEAL from Superior Court, City and County of San Francisco; Walter H. Levy, Judge.

Action by Henry Garbe against Nellie Wilks to recover a certain sum of money loaned to defendant by plaintiff. There was judgment for defendant, and from that, and an order denying him a new trial, plaintiff appeals. Reversed.

H. D. Talcott for appellant; Alex. Campbell, Jr., for respondent.

TEMPLE, C.—This action was brought to recover money alleged to have been loaned to the defendant. The defendant recovered judgment, and the plaintiff appeals from the judgment and from an order refusing a new trial.

One of the points made is that there is no adequate finding upon a material issue, and that without such finding the judgment cannot be sustained. The complaint states that "within two years last past, and on or about the 18th day of November, A. D 1892, the said plaintiff lent to the said defendant, at her request, the sum of eight hundred dollars in gold coin of the United States." It further states that the money was loaned to enable defendant to purchase a lodging-house, and was so used, and that defendant agreed to pay the same in installments of $50 per month, but has failed and neglected to do so, and, though requested, refuses to pay any part thereof. The only finding relating in any way to these allegations is in the following words and figures: "That the plaintiff did not on the 18th day of November, 1892, lend the said defendant the sum of eight hundred dollars in U. S. gold coin." With a strong desire to avoid the reversal of a

judgment for the insufficiency of a finding, when it appears probable that the court intended by the finding to cover that issue, we yet think this finding cannot be sustained. Under the present practice, unless findings are waived, so far as the issues are concerned, which must be determined in order to justify the judgment, no findings are presumed. It is true, if the judgment is thus supported, the fact that there are other issues upon which there are no findings will not always necessitate a reversal. As to the fact of a loan here, the evidence was highly conflicting. There was even some evidence which appellant thinks corroborated his evidence, to the extent that he loaned defendant $780. He might have done so, and yet the finding be exactly true. The language of the finding is not as broad as the language of the complaint. It is not averred that plaintiff loaned the money to defendant on the eighteenth day of November, but within two years last past, and on or about November 18th. Potentially, this is an allegation as to every day of the past two years, and as to every imaginable sum included in $800. The finding seems carefully worded so as not to negative the loaning on any other day, or of any other sum. Of course, we know the judge did not intend a finding so evasive, but we have no right to suppose he intended more than he has said. No construction can be given to the language which will make it cover the whole issue; and we cannot, with due regard to the statute or to proper practice, sanction such looseness in preparing findings—premising that we can suppose the judge really intended to negative the entire allegation.

Plaintiff is not injured by the fact that the counterclaim is entitled ''Cross-complaint and Counterclaim.'' It is evidently a counterclaim only, and plaintiff did in fact file an answer to it. Had it been doubtful whether it was a cross-complaint or a counterclaim, and, because of the fact that defendant called it a ''counterclaim,'' plaintiff had filed no answer to it, then, if a default had been claimed, the considerations expressed in Shain v. Belvin, 79 Cal. 262, 21 Pac. 747, would have been in point. But here no injury has resulted. The judgment and order should be reversed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.