(February 6, 1897.)

## COUNTY OF ADA v. BULLEN BRIDGE COMPANY.

[47 Pac. 824.] ·

PLEADING—EQUITY.—An equitable action cannot be maintained to can-
cel county warrants alleged to have been illegally issued, when
there exists an adequate remedy at law, either affirmative or de-
fensive.

CANCELLATION OF WRITTEN INSTRUMENT.—A court of equity will not
interfere to decree the cancellation of a written instrument, unless.
some special circumstance is shown to exist, establishing the·
necessity of a resort to equity to prevent irreparable injury.

SECTION 4928 OF THE REVISED STATUTES CONSTRUED.—Under the pro-·
visions of section 4928 of the Revised Statutes, the county can.
compel the defendants to wage their claims on the warrants sued on.
in this case, or to forever abandon them.

SAME—ACTION AT LAW.—The action provided for by said section is an·
action at law, and triable in the ordinary course of law by a jury,.
unless a jury be waived.

SAME—ADEQUATE REMEDY.—The provisions of said section provides.
an adequate remedy against the delay of defendants in bringing.
suit to recover on said warrants.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellant.

This action was brought by Ada county for the purpose of
having certain warrants drawn on the general bridge fund of
said county in the years 1891, 1892 and 1893, declared null
and void and for the cancellation of said warrants.   One
question presented at the very outset, of the utmost impor-·
tance, and which if decided against us would settle the con-·
troversy in favor of the respondents, is the right of the county·
to bring suit to cancel its warrants claimed to be void.   The·
right absolutely and necessarily exists and can be exercised at.
any time, and whenever in the judgment of the county com-·
missioners an exigency arises which warrants it.   (Dillon on
Municipal Corporations, 4th ed., sec. 921.)   A county may
bring and maintain a bill in equity to cancel illegal warrants.
(Dillon on Municipal Corporations, 504; *Paris v. Cheny,* 8.
Ohio St. 564; *Clark v. Des Moines,* 19 Iowa, 199, 87 Am. Dec.
423; *Webster v. Taylor,* 19 Iowa, 117; *Pulaski v. Lincoln,* 9·

Ark. 320; *Andrews v. Pratt,* 44 Cal. 309.)   The allowance of a claim is not an adjudication in the sense that it would con-clude the county as to the amount allowed.   (*Cheeny v. Brookfield,* 60 Mo. 53; *Shirk v. Pulaski Co.,* 4 Dill. 209, Fed. Cas. No. 12,794; *Commissioners v. Kellar,* 6 Kan. 510; *Nash-ville v. Ray,* 19 Wall. 468.)   A municipal corporation is not estopped from setting up fraud, or *ultra vires,* or failure of consideration after issue of warrant.   (*Thomas v. Richmond,* 12 Wall. 349; *Webster v. Taylor,* 19 Iowa, 117; *Hodges v. Buffalo,* 2 Denio, 110; *Halstead v. New York,* 3 N. Y. 430; *Brown v. Utica,* 2 Barb. 104; *Anthony v. Adams,* 2 Mich. 286; *Newbury v. Fox,* 37 Minn. 141, 5 Am. St. Rep. 830, 33 N. W. 333, 15 Am. & Eng. Ency. of Law, 1222, and note 2.)   Warrants for claims not legally chargeable do not create a liability.   (*People v. Supervisors,* 11 Cal. 170; *Trinity County v. McCammon,* 25 Cal. 117; *Branch Turnpike Co. v. Supervisors,* 13 Cal. 190; *Linden v. Case,* 46 Cal. 171.)   No debt can be incurred by a county be-yond its revenue, except for necessary expenses.   (*Bannock Co. v. Bunting,* 4 Idaho, 156, 37 Pac. 279; *Doon Town-ship v. Cummins,* 142 U. S. 366, 12 Sup. Ct. Rep. 221.) Section 1762 of the Revised Statutes must be construed in the light of section 3 of article 8 of the constitution.   The sub-mission of the question to a vote of the people is an indispens-able requisite for incurring liability exceeding the income and revenue for the year.   (*Bannock Co. v. Bunting, supra;* Idaho Const., art. 8, sec. 3; Rev. Stats., sec. 1762; *Rogers v. Board etc.,* 57 Minn. 434, 59 N. W. 488.)   No county board can order a claim paid except by statutory authority.  (*In re Tins-ley,* 90 N. Y. 231.)   The mode by which a county is bound to provide for repairs to bridges and approaches is statutory and any other contract is void.   (*Driftwood V. T. Co. v. Board etc.,* 72 Ind. 226.)   That part of the indebtedness which exceeds the limit only will be declared void.   (*McPherson v. Foster,* 43 Iowa, 48, 22 Am. Rep. 215; *Culbertson v. Fulton,* 127 Ill. 30, 18 N. E. 781; *Stockdale v. Wayland School Dist.,* 47 Mich. 226, 10 N. W. 349.)   But if it cannot be distin-guished which are valid and which are invalid, the whole issue will be held invalid.   (*Millerston v. Frederich,* 114 Pa.

St. 435, 7 Atl. 156.) If the warrants in controversy could have been paid at all, or in part, or the revenue of any year could have been legally applied for their payment, then we contend it was the revenue for the general bridge fund for the particular year in which each of the contracts were made, and no other. No indebtedness of one year shall be paid out of revenue of a future year. (*Shaw v. Statler,* 74 Cal. 258, 15 Pac. 833; *San Francisco Gas Co. v. Brickwedel,* 62 Cal. 641; *Schwartz v. Wilson,* 75 Cal. 502, 17 Pac. 449.) He who deals with a municipality must at his peril take notice of its financial standing and whether the proposed indebtedness is in excess of the legal limit. (*Atlantic City etc. Co. v. Read,* 50 N. J. L. 665, 15 Atl. 10, 24 Am. & Eng. Corp. Cas. 562; *Law v. People,* 87 Ill. 385; *French v. Burlington,* 42 Iowa, 614; *Mosier v. School Dist.,* 44 Iowa, 122; *People v. May,* 9 Colo. 80, 10 Pac. 641; 15 Am. & Eng. Ency of Law, 1124, and note 4.) Those who contract with a municipal body are bound to know the extent of its powers. (15 Am. & Eng. Ency. of Law, 1100, and note 2; *Nolan Co. v. State,* 83 Tex. 182, 17 S. W. 823.) Bonds or warrants issued in excess of an express statute or constitutional provision are void although in the hands of an innocent holder. (1 Dillon on Municipal Corporations, 531; *Moore v. New York,* 73 N. Y. 238, 29 Am. Rep. 134; *Aspinwall v. Daviess,* 22 How. 364; *Marsh v. Fulton Co.,* 10 Wall. 676.)

George H. Stewart and Johnson & Johnson, for Respondent.

This was an action for equitable relief by cancellation of county warrants of Ada county. There is no equity in the bill. If the warrants in question were improperly issued and are illegal and void, the plaintiff had and has adequate remedies at law; and relief in equity to restrain their payment and an action for their cancellation cannot be had. Section 1776 of Revised Statutes is very broad and gives an appeal to the district court "from any order, decision or action" of the board of commissioners, and by section 1779 the matter is heard anew upon such appeal and the court may affirm, reverse or modify the order, decision or action appealed from. (*Picotte v. Watt,* 3 Idaho, 447, 31 Pac. 805; *Ada County v. Gess,* 4

Idaho, 611, 43 Pac. 71; *Morgan v. Board of Commrs.,* 4 Idaho, 418, 39 Pac. 1118; *Rogers v. Hayes,* 3 Idaho, 597, 32 Pac. 259; *Clark v. Dayton,* 6 Neb. 192; 2 Pomeroy's Equity Jurisprudence, sec. 914; *Globe Ins. Co. v. Reals,* 79 N. Y. 202, 206; *Venice v. Woodruff,* 62 N. Y. 462, 20 Am. Rep. 495; Story's Equity Jurisprudence, sec. 700a; *Town of Springport v. Teutonic Sav. Bank,* 75 N. Y. 399; *Kahn v. Walton,* 46 Ohio St. 195, 20 N. E. 203; *Goshen v. Shoemaker,* 12 Ohio St. 624, 80 Am. Dec. 386; *Ross v. Singleton,* 1 Del. Ch. 149, 12 Am. Dec. 86; *Cornish v. Frees,* 74 Wis. 490, 43 N. W. Rep. 507; *S. L. Sheldon Co. v. Mayers,* 81 Wis. 627, 51 N. W. 1082; *Hunt v. Turner,* 9 Tex. 385, 60 Am. Dec. 167; *Salmon v. Hoffman,* 2 Cal. 138, 56 Am. Dec. 322; *Kirby v. Harrison,* 2 Ohio St. 326, 59 Am. Dec. 677; *Marble Co. v. Ripley,* 10 Wall. 354; *Atlantic Delaine Co. v. James,* 94 U. S. 214; *Oakland v. Carpenter,* 21 Cal. 642; *Atwood v. Fisk,* 101 Mass. 363, 100 Am. Dec. 124; *Cincinnati etc. R. Co. v. McKeen,* 64 Fed. 36; *St. Louis etc. R. Co. v. Terre Haute etc. R. Co.,* 145 U. S. 395, 12 Sup. Ct. Rep. 953.)   Not only are the facts alleged in the complaint equally available as a defense to an action at law upon these warrants, but our statute gives the plaintiff an affirmative remedy, and plaintiff need not wait until it is sued thereon to set up its defense.   (Rev. Stats., 4928; *Lewis v. Tobias,* 10 Cal. 578; *Smith v. Sparrow,* 13 Cal. 569; *Shain v. Belvin,* 79 Cal. 262, 21 Pac. 747; *King v. Hall,* 5 Cal. 82; *Taylor v. Ford,* 92 Cal. 419, 28 Pac. 441.)   By article 5, section 8, of our constitution it is provided that the district court shall have appellate jurisdiction and general supervisory control over the county commissioners' court, with such exceptions as may be provided by law.   To set aside or void the effect of an order of the county commissioners' court auditing and allowing a claim against the county, this jurisdiction of the district court must be invoked in the proper manner, by an appropriate proceeding; and until it is done, the action of the county clerk must stand as a judgment, and cannot be collaterally attacked by the district or any other court.   To the same effect are the cases of *Ragoss v. Cuming County,* 36 Neb. 375, 54 N. W. 683; *State ex rel. Ensey v. Churchill,* 37 Neb. 702, 56 N. W. 484; *Heald v. Polk County,* 46 Neb. 28,

64 N. W. 376, 378; *Ragoss v. Cuming Co.*, 46 Neb. 36, 64 N. W. 378; *Cahill v. Colgan* (Cal.), 31 Pac. 617, and cases cited; *Hord v. Washington Co.*, 101 Ind. 69, 9 Am. & Eng. Corp. Cas. 101, 102; *Eldorado Co. v. Elstner*, 18 Cal: 144.

SULLIVAN, C. J.—A petition for rehearing was granted. The cause was first submitted to this court without oral argument, but on this hearing the case was fully presented by oral argument and printed briefs. A number of additional authorities were cited. As the facts of the case are fully stated in the former opinion, it is not necessary to repeat them here. The appeal is from the order and judgment of the district court sustaining a demurrer to the complaint. This is a suit, in equity, for the cancellation of certain county warrants issued by the plaintiff county to the defendant, the Bullen Bridge Company.

Respondent contends that this action cannot be maintained for the reason that the plaintiff has a plain, speedy and adequate remedy at law, and for this reason, the decision of the trial court on the demurrer should be sustained, while the appellant, the county of Ada, contends that the action of the court below in sustaining the demurrer to the complaint should be reversed. The appellant contends that sufficient facts are stated in the complaint to authorize the interposition of a court of equity and to warrant such court to grant the cancellation of said county warrants and cites section 921 of Dillon on Municipal Corporations. In that section the author lays down the following rule: "A municipal corporation may in its own name bring suit, in proper cases, to be relieved against illegal, unauthorized or fraudulent acts on the part of its officers."

We do not dispute this principle but indorse it. The distinguished author says such suit may be brought in a "proper case." He does not intimate that a bill in equity would lie to cancel a written contract where the party has an adequate remedy at law, where such remedy would be adequate, certain and complete. If there is no legal remedy, adequate, certain and complete, a municipal corporation may maintain a bill in equity to cancel warrants illegally issued.

The appellant cites *Andrews v. Pratt,* 44 Cal. 309, as a case directly in point sustaining its contention. The facts in that case were very different from the facts in the case at bar. In that case the plaintiff was a resident taxpayer of Placer county, and three of the defendants composed the board of supervisors of said county, and the fourth one was the treasurer thereof. The board of supervisors were authorized by law to sell certain railroad stock, owned by the county, which they did, and for services in negotiating and making said sale, they, each, individually filed a claim against the county for $1,500 for their services therein, which claims were allowed by said claimants acting as a board, and warrants issued to each of said officers for the sum of $1,500. By the laws of that state, the compensation and fees of members of the board of supervisors were fixed. The law also provided that no other fees or compensation than that provided by statute should be allowed to the members of such board.

Under the law, the members of said board were not entitled to compensation for the sale of the stock referred to. The warrants sought to be canceled remained in their hands at the time of the commencement of said suit. While in the case at bar, the record shows that the warrants referred to in the complaint are not in the hands of the parties to whom they were issued, but have passed into other hands, or at least third parties have acquired interests in them; that the county has received a bridge costing many thousand dollars and other improvements for which said warrants were issued. No tender of said bridge and improvements is made by the appellants to respondents. This statement of facts is sufficient to show that the case cited is a very different one from the case at bar.

And further no offer is made by the county to place defendants *in statu quo.* This was not considered on the former hearing of this case. Equity would not permit the county to retain the bridge and other improvements and have said warrants canceled. One of the fundamental principles of equity is, "He who asks equity must do equity," even in favor of one who has entered into and executed a voidable contract.

(*Oakland v. Carpentier,* 21 Cal. 642.)   However, the decision on the case at bar is not based upon the ground that the county failed to offer to do equity, but on the ground that plaintiff has an adequate remedy at law.   Other cases are cited by the appellant.   Those were held to be "proper cases for the intervention of a court of equity," while under our statute, in the case at bar, the county has an adequate remedy at law.

Conceding that the county treasurer would not be liable in case he should pay said warrants before the final determination of their legality or illegality, in an action at law, no doubt the court, upon a proper showing, would grant an order restraining the treasurer from paying them until final judgment was obtained in regard to their legality.   The county warrants which are sought to be canceled by this action are not negotiable under the law-merchant.   The power to cancel a written instrument is a purely equitable remedy, and is a remedy that will not be granted, or is a power that will not be exercised unless there is some special ground for it.   The warrants, being non-negotiable, cannot pass into the hands of *bona fide* holders, so as to devest the county of any defense it may have against their payment.

In section 914 of 2 Pomeroy's Equity Jurisprudence the principle involved in this case is stated as follows: "The doctrine is settled that the exclusive jurisdiction to grant purely equitable remedies, such as cancellation, will not be exercised, and the concurrent jurisdiction to grant pecuniary recoveries does not exist, in any case where the legal remedy, either affirmative or defensive, which the defrauded party might obtain, would be adequate, certain and complete."

The doctrine there enunciated is not changed or modified by the laws of this state.   The rule is the same in states where the code practice exists as in the state where separate courts of chancery are maintained.   In the state of New York, where the code practice obtains, it was held in the *Globe Ins. Co. v. Reals,* 79 N. Y. 202, as follows: "The case presented furnishes no ground for the interference of a court of equity. Such a court will not interfere to decree the cancellation of a written instrument, unless some special circumstance exists establishing the necessity of a resort to equity to prevent an

injury which might be irreparable and which equity alone is able to avert. That a defense exists is insufficient. Nor is it enough that the evidence be lost."

In *Allerton v. Belden,* 49 N. Y. 373, the court says: "The right to the relief exists only where from the form of the security the defense cannot be made available at law, or where the instrument sought to be avoided is a cloud upon the title to land, or some other necessity for the interposition of a court of equity is shown." In *Venice v. Woodruff,* 62 N. Y. 462, 20 Am. Rep. 495, it is said: "A court of equity will not interfere to decree the cancellation of a written instrument unless some special circumstance exists establishing the necessity of a resort to equity to prevent an injury which might be irreparable, and which equity alone is competent to avert." To the same effect is *Grand Chute v. Winegar,* 15 Wall. 373; *Edelman v. Latshaw* (Pa.), 28 Atl. 475.

Where the invalidity of an instrument appears on its face or where there is no danger of the instrument passing into the hands of an innocent holder, and where there is an adequate remedy at law, a court of equity will not take jurisdiction and decree the cancellation of such instrument. (Story's Equity Jurisprudence, sec. 700a; *Atlantic Delaine Co. v. James,* 94 U. S. 214.) In *Ada County v. Gess,* 4 Idaho, 611, 43 Pac. 71 (which was an application for an injunction to restrain the payment of certain county warrants), the court holds that there was a complete and adequate remedy at law and therefore equity could not be invoked. (See, also, *Morgan v. Board,* 4 Idaho, 418, 39 Pac. 1118; *Rogers v. Hayes,* 3 Idaho, 597, 32 Pac. 259; *Clark v. Dayton,* 6 Neb. 192.)

In *Farmington Village Corp. v. Sandy River Nat. Bank,* 85 Me. 46, 26 Atl. 965, the doctrine applicable to this case at bar is clearly stated. That was a bill in equity praying for a perpetual injunction against the defendants, enjoining them from negotiating or delivering certain bonds issued by said corporation. It is there held that a court of equity, in a proper case, has full power to order the cancellation of bonds or other written instruments. But that it is a power which the court in its discretion will exercise with care, and only in accordance with what the court believes to be proper and right under the cir-

cumstances, and that such power will not be exercised where the legal remedy, either affirmative or defensive, would be adequate, certain and complete. To the same effect is *Atlantic Delaine Co. v. James,* 94 U. S. 207, and *Town of Glastenbury v. McDonald, Adm.,* 44 Vt. 450.

In this case the county need not wait for the defendants to sue on said warrants, but it can force defendants to do so, by virtue of the provisions of section 4928 of the Revised Statutes, which is as follows: "An action may be brought by one person against another for the purpose of determining an adverse claim which the latter makes against the former for money or property upon an alleged obligation."

This statute provides a complete and adequate remedy against the delay of defendants in bringing suit upon said warrants, and may be invoked on behalf of the county. In such suit any legal defense which the county has against the payment of said warrants may be interposed. Section 4928, *supra,* is the same as section 1055 of the California Code of Civil Procedure and is a transcript of section 527 of the old Practice Act of California.

In *Lewis v. Dobias,* 10 Cal. 578, which was a suit in equity to compel the surrender and cancellation of a promissory note, the court held that said section afforded an adequate remedy. The court says: "If the doctrine contended for by respondent be at all debatable elsewhere, it is more clear here, for we have a statute whereby a party may force his adversary to wage his claims, or else forever abandon them." Again the court says: "While if we recognize the principle invoked by the respondent, we must necessarily admit that in every case in which the payor of a note, or bond, or other money security has a defense to it, though purely legal, we must admit him, at his pleasure, into a court of equity, deny the holder a trial by jury, and permit the payor to take the place of the actor in a proceeding to test his liability. We see no necessity for such a principle, and we think it would produce only confusion, and that it starts with a denial of a positive right of the holder. If the holder unreasonably delays to sue, the payor may force him to do so under the statute." The case of *Lewis v. Tobias* is affirmed in *Smith v. Sparrow,* 13 Cal. 569, and in *Shain v. Belvin,* 79 Cal. 262, 21 Pac. 747.

The action provided for by said section 4928 is an action at law and triable in the ordinary course of law, and by jury unless waived. (*Taylor v. Ford,* 92 Cal. 419, 128 Pac. 441.) If the county has a legal defense to the payment of said warrants, by permitting it to come into a court of equity, the defendants would be deprived of a trial by jury. The defendants would thus be deprived of a positive right which the law gives them.

The former decision in this case is reversed, and the order of the trial court in sustaining the demurrer and the judgment entered therein are sustained.

Costs of this appeal awarded to respondents.

Huston and Quarles, JJ., concur.