## THE SAILORS *v.* E. H. WOELFLE.

### *(Jackson.* April Term, 1907.)

**INJUNCTION. CANCELLATION.** Chancery will not enjoin law action on benefit certificate, nor cancel it because obtained by fraud.

Chancery will not enjoin, a pending suit at law prosecuted by the beneficiary of a benefit certificate, matured by the death of the insured, upon a bill filed by the insurer for a cancellation of the certificate on the ground that it was obtained through fraud, because the defense of the fraud may be made in the action at law. Such benefit certificate is not a negotiable instrument, nor a cloud upon title. There is no suggestion of any special circumstances to call into activity the chancery jurisdiction for injunction and cancellation.

Cases cited and approved: McLin v. Marshall, 1 Heisk., 678; Hamilton v. Cummings, 1 Johns. Chy. (N. Y.), 517; Venice v. Woodruff, 62 N. Y., 462; Crane v. Bunnell, 10 Paige (N. Y.), 334; Shain v. Belvin, 79 Cal., 262; Grand Chute v. Winegar, 15 Wall. (U. S.), 373.

Cases cited and distinguished: Anderson v. Talbot, 1 Heisk., 407; Lyon v. Alley, 130 U. S., 177; Bissell v. Kellogg, 65 N. Y., 432; Kay v. Scales, 37 Pa., 31; Haialson v. Carson, 111 Ga., 57; Metler v. Metler, 19 N. J. Eq., 457; Hodson v. Eugene Glass Co., 156 Ill., 397.

---

### FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

F. ZIMMERMAN and I. L. PENDLETON, for complainant.

W. G. CAVETT, for defendant.

———

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The only question on this record is: Will the chancery court enjoin a pending suit in a court of law, instituted by one entitled to the proceeds of a beneficial certificate, matured by the death of the assured, upon a bill filed by the insurer for a cancellation of this benefit certificate, alleging as a ground therefor that it was issued upon false and fraudulent answers as to his physical condition, made by the assured in his application therefor? In other words, will the chancery court oust the jurisdiction of the circuit court, when a suit by the beneficiary against the corporation issuing the certificate is pending, and where the defense of fraud can be fully made, upon the mere ground that that court has, and the circuit court had not, the power to order a cancellation of the instrument?

There is no doubt that cancellation is properly classed as in the exclusive jurisdiction of the chancery court. 3 Pomeroy on Equity Jurisprudence, sec. 138; 6 Cyc., 286. But, as a general rule, this jurisdiction will not be exercised when complainant's remedy at law, by way of action or defense, is plain, adequate, and complete. 6 Cyc., 290. Upon the principle of *quia timet*, a bill will be entertained to cancel an instrument which is a

cloud upon the complainant's title to land, or where cancellation is sought of a negotiable instrument before its maturity, on the ground of fraud, accident, or mistake. In such cases this jurisdiction is freely exercised. In the first class of these cases relief is afforded on the ground that the instrument sought to be canceled may be vexatiously or injuriously used against the rightful owner, when the evidence to impeach it may be lost, or where it is of a character to cast such suspicion on the title or interest, to which it is hostile, as will injuriously affect the market value thereof, or seriously embarrass the owner, by preventing or impeding the free sale or other disposition of his title or interest in the property. 6 Am. and Eng. Ency. of Law (2d Ed.), p. 152; *Lyon* v. *Alley,* 130 U. S., 177, 9 Sup. Ct., 480, 32 L. Ed., 899; *Anderson* v. *Talbot,* 1 Heisk., 407; *Bissell* v. *Kellogg,* 65 N. Y., 432; *Kay* v. *Scates,* 37 Pa., 31, 78 Am. Dec., 399.

In the second class of cases this jurisdiction is called into action for the reason that by the negotiation of the instrument to a *bona fide* purchaser the complainant may lose the benefit of his defense. *Haialson* v. *Carson,* 111 Ga., 57, 36 S. E., 319; *Metler* v. *Metler,* 19 N. J. Eq., 457; *Hodson* v. *Eugene Glass Co.,* 156 Ill., 397, 40 N. E., 971. But the great weight of authority is that a suit will not be sustained to cancel a nonnegotiable instrument to which a defense may be made in an action at law thereon, unless some substantial reason is assigned showing that a defense at law is an insufficient

protection. This is especially true where an action at law upon the instrument is actually pending. 6 Cyc., 292; *Shain* v. *Belvin*, 79 Cal., 262, 21 Pac., 747; *Crane* v. *Bunnell*, 10 Paige (N. Y.), 334.; *Grand Chute* v. *Winegar*, 15 Wall. (U. S.), 373, 21 L. Ed., 174.

In *Venice* v. *Woodruff*, 62 N. Y., 462, 20 Am. Rep., 495, it is said, if the mere fact that a defense exists to a written instrument was sufficient to authorize an application to a court of equity to decree its surrender and cancellation, it is obvious that every controversy, in which the claim of either party was evidenced by a writing, could be drawn to the equity side of the court and tried in the mode provided for the trial of equitable actions, instead of being disposed of in the ordinary manner by a jury.

In *McLin* v. *Marshall*, 48 Tenn., 678, a suit had been instituted and was pending in the circuit court, when the defendant thereto filed his bill, in which he alleged that the note, which was the basis of the suit, was executed by him under duress, and he asked the interposition of the court of chancery for his protection. A demurrer to this bill was filed, alleging, as ground therefor, that complainant's defense to the action at law was clear and unembarrassed, and no reason was given for transferring the investigation of the cause to a court of chancery. This demurrer was overruled, and the case proceeded to answer and proof, upon which there was a final decree in favor of the complainant, enjoining perpetually the action at law. Upon appeal the decree of

the chancellor was reversed, the demurrer sustained, and the complainant was remanded to his defense in the common-law action. This case involved, as will be seen, the question at issue here, and settles it against the contention of complainant in the cause.

. *Hamilton* v. *Cummings,* 1 Johns. Ch. (N. Y.), 517, is possibly the leading case in America on this subject. In the course of his opinion, Chancellor Kent reviews the leading cases in England up to that time, and shows that there had been much fluctuation in the rulings of the various courts with regard to the exercise of this particular jurisdiction. He concludes his examination as follows: "Perhaps the cases may all be reconciled on this general principle: that the exercise of this power is to be regulated by sound discretion as the circumstances of the individual case may dictate, and that the resort to equity, to be sustained, must be expedient either because the instrument is liable to abuse from its negotiable nature, or because the defense, not arising on its face, may be difficult or uncertain at law, or from some other special circumstance peculiar to the case, and rendering a resort highly proper and clear of all suspicion of any design to promote expense and litigation."

We doubt whether the principle controlling the interference of equity courts at the instance of parties complaining, with a view to the cancellation of instruments, has been anywhere more clearly or satisfactorily stated than in this case.

In the case at bar, no suggestion of special circumstances to call into activity this jurisdiction of a court of equity is suggested. We think, to interfere with the processes of the circuit court and take to itself jurisdiction in order to cancel an instrument, which, if it ever had, is deprived of all negotiable quality by the death of the assured, would be, on the part of the chancery court, an act arbitrary in its nature.

The decree of the chancellor overruling the demurrer is therefore reversed, the demurrer is sustained, and the bill of complainant is dismissed.