TENNESSEE HOOP Co. *v.* R. A. TEMPLETON *et al.**

## (*Nashville.* December Term, 1924.)

1. **PLEADING.** Motion to strike sustained only for duplicity, unnecessary proxlixity, irrelevancy, or frivolity.

   In civil cases motion to strike, which takes pleading out of record, can be sustained only for duplicity, unnecessary prolixity, irrelevancy, or frivolity, in view of Shan. Code, sections 4601, 4603, 4605, 4606. (*Post, p.* 379.)

   Case cited and approved: Sams v. State, 133 Tenn., 188.

   Code cited and construed: Secs. 4603, 4605, 4606(S.).

2. **REFORMATION OF INSTRUMENTS.** Defendant sued for breach of contract not entitled to assert mistake as defense.

   Defendant, sued at law for breach of contract, *held* not entitled to assert mistake in contract as defense. (*Post, pp.* 379-381.)

3. **REFORMATION OF INSTRUMENTS.** Lack of remedy at law to reform instrument for mutual mistake gives equity jurisdiction.

   Lack of remedy at law to reform instrument for mutual mistake gives equity jurisdiction. (*Post pp.* 379-381.)

   Cases cited and approved: Cable v. U. S. Life Ins. Co., 191 U. S., 288; Battle v. Caliborne, 133 Tenn., 286; Cromwell v. Winchester, 39 Tenn., 389; Barnes v. Gregory, 38 Tenn., 230; Davidson v. Greer, 35 Tenn., 384; Alexander v. Shapard, 146 Tenn., 90; Jones v. Jones, 266 S. W., 110; McLin v. Marshall, 48 Tenn., 678; Fort v. Orndoff, 54 Tenn., 167.

   Cases cited and disapproved: The Sailors v. Woelfle, 118 Tenn., 755; Wood v. Goodrich, 17 Tenn., 266.

   ---

   *Headnotes 1. Pleading, 31 Cyc., p. 616; 2. Contracts, 13 C. J., Section 793; Reformation of Instruments, 34 Cyc., p. 963 (1926 Anno.); 3. Reformation of Instruments, 34 Cyc., p. 906.

FROM SHELBY.

Error to the Circuit Court of Shelby County.—Hon. H. W. Laughlin, Judge.

H. B. Anderson, for plaintiff in error.

C. H. King, for defendants in error.

Mr. Malone, Special Judge, delivered the opinion of the Court.

At a prior day of the term we handed down a memorandum, holding that the special plea on which plaintiff in error relied had not been preserved by a bill of exceptions after being stricken from the record, and was not a part of the record, affirming the judgment of the court of civil appeals in this behalf. We did not consider or pass upon the merits of the case.

An earnest petition has been filed, asking a reconsideration of this point, and a decision on the merits, and calling the court's attention to certain statutory provisions not discussed in the original opinion.

After carefully reconsidering this matter we are of opinion that the statutes in question require a reversal of our former holding.

The case, as stated in the original opinion, is this:

"Templeton and others, a partnership, brought suit against the defendant Tennessee Hoop Company, claiming damages for the breach of a written contract to deliver certain logs.

"The defendant filed several pleas, and at the trial of the case obtained leave to file a special plea of *non est factum*. There was a motion to strike this plea, which

the circuit judge (hearing this case without the intervention of a jury) sustained at the close of the hearing. The plea was not preserved by bill of exceptions, but it appears in the record, and, in substance, makes this defense:

"That the contract set forth in the declaration was not executed by defendant, because it was understood, and agreed by the parties that the time for delivery of the logs should expire on November 1, 1920, whereas the date mentioned in the written contract was erroneously stated to be November 1, 1921; that this was a mistake of fact, and a typographical error made by the draftsman of the contract, through inadvertence, accident, error, and mistake; and that the true date fixed as the time for delivery should have been stated as November 1, 1920, instead of November 1, 1921.

"The trial judge gave judgment for plaintiff, and the court of civil appeals has affirmed the judgment."

We held, somewhat reluctantly, affirming the court of civil appeals, that a motion to strike a plea, when sustained, took the plea out of the case, saying as to this:

"It is insisted by petitioner that any plea filed in the case becomes part of the technical record, and that a motion to strike a plea is really nothing more than a demurrer questioning its sufficiency.

"There is much plausibility in the petitioner's contention in this behalf. There is no such thing as an oral pleading in a court of record in this State. A motion to strike, therefore, like a motion to dismiss a bill in equity, is nothing more than a method of questioning the sufficiency of a pleading on its face. Why it should take a pleading, regularly filed, out of the record when a de-

murrer leaves it in the record, is not easily to be explained.''

The statutes in question appear as sections 4603, 4605, and 4606, of Shannon's Compilation, reading as follows:

"Sec. 4603 (2882) 3594. *Bad pleadings may be struck out.*—If any pleading is bad for duplicity, unnecessarily prolix, irrelevant, or frivolous, it may be stricken out at the cost of the party so pleading, on motion of the adverse party, or by the court of its own motion.  . . .

"Sec. 4605 (2884) 3596.  *Sufficient pleading.*—Any pleading possessing the following requisites is sufficient: (1) When it conveys a reasonable certainty of meaning; (2) when, by a fair and natural construction, it shows a substantial cause of action or defense.  . . .

"Sec. 4606 (2885) 3597.  *Defective.*—If defective in the first of the above particulars, the court, on motion, shall direct a more specific statement; if in the latter, it is ground of demurrer.''

These sections appear in the general provisions covering pleadings in civil actions, as shown by section 4601, reading as follows:

"Sec. 4601 (2880) 3592.  *Pleadings in all legal proceedings.*—The pleadings treated of in this chapter apply to all actions at law, and to all legal proceedings for the redress of civil injuries in which pleadings are necessary and not otherwise expressly prescribed.''

A consideration of these statutes has suggested a distinction not mentioned by counsel, either in the original brief, or in the petition to rehear, viz., a distinction between civil and criminal proceedings.

The case of *Sams* v. *State* (1915), 133 Tenn., 188, 192-193, 180 S. W., 173, cited in the original opinion, was a

criminal case, and may have been correctly decided, if indeed there was a definite holding in that case that a plea, when stricken from the record on account of insufficiency in law, was not part of the record unless preserved by bill of exceptions.

But whatever may be the rule in criminal proceedings, it seems apparent that civil cases are controlled by the statutes above quoted, and that a "motion to strike," which takes the pleading out of the record, can only be sustained for duplicity, unnecessary prolixity, irrelevancy, or frivolity.

And, as shown by section 4606, supra, if the plea fails to state, on a fair construction, any defense, this is ground for a demurrer. The motion to strike was apparently so treated in the case at bar.

We therefore proceed to consider the plea on its merits.

We have examined the authorities contained in the original brief and petition, and are of opinion that learned counsel for plaintiff in error have failed to make a distinction between the grounds of fraud and mistake as defenses to a legal action.

It is true that fraud may often be set up as a defense at law, and in such cases there is no need for resorting to a bill in chancery; the remedy at law being adequate. *The Sailors* v. *Woelfle* (1907), 118 Tenn., 755, 102 S. W., 1109, 12 L. R. A. (N. S.), 881; *Cable* v. *U. S. Life Insurance Co.* (1903), 191 U. S., 288, 305, 24 S. Ct., 74, 48 L. Ed., 188; Bispham's Equity (10th Ed.), 61.

But no case has been cited which holds that a court of law has power to reform an instrument for mutual mistake. Here the lack of any remedy at law gives equity jurisdiction, and the written instrument may be reformed

where the proof is clear and convincing. *Battle* v. *Cali-borne* (1915), 133 Tenn., 286, 301, 180 S. W., 584; *Crom-well* v. *Winchester* (1859), 2 Head, 389, 391; *Barnes* v. *Gregory* (1858), 1 Head, 230, 234; *Davidson* v. *Greer* (1855), 3 Sneed, 384, 385; *Alexander* v. *Shapard* (1921), 146 Tenn., 90, 98, 100, 240 S. W., 287; *Jones* v. *Jones* (Nashville, Nov. 29, 1924), 266 S. W., 110.

The case of *The Sailors* v. *Woelfle* (1907), 118 Tenn., 755, 102 S. W., 1109, 12 L. R. A. (N. S.), 881, wholly fails to sustain the contention of the petitioner. It merely holds that a court of quity will not enjoin a pending suit at law on an insurance policy, and decree a cancellation of the policy for fraud, where the defense may be made in the pending action at law. The case says nothing about mistake.

Neither is the case of *Wood* v. *Goodrich* (1836), 9 Yerg., 266, an authority for the petitioner. In Judge Cooper's edition of the early Tennessee reports, the headnote giving the court's holding on this point reads as follows:

"A court of law cannot, upon an averment of fraud or mistake by him who sets up a deed and seeks to give it effect, correct the deed and give it effect as corrected."

The case is evidently no authority for the converse proposition that the party who does not set up the instrument *may* have it corrected on the ground of mistake.

The case of *McLin* v. *Marshall* (1870), 1 Heisk., 678, deals with duress, and not with mistake, holding that duress is not ground for a bill to enjoin an action at law, and have a cancellation of the instrument.

In the case of *Sugg Fort* v. *Orndoff* (1872), 7 Heisk., 167, the court held that there was no necessity to reform

the contract in order to make a complete defense at law. See page 171.

We are therefore of opinion that the court of civil appeals reached a correct result, and its judgment is accordingly affirmed.