## McMINN COUNTY v. INGLESIDE FARMS.

Eastern Section.    June 15, 1929.

Petition for Certiorari denied by Supreme Court, October 19, 1929.

Frank K. Boyd and Paul R. Stewart, both of Athens, for plaintiff in error.

Jones & Davis, of Athens, for defendant in error.

OWEN, J. McMinn county has appealed from a judgment rendered in the circuit court of said county against the county, which judgment is in favor of the plaintiff. The declaration alleged, that on and prior to the 1st day of February, 1928, Ingleside Farms was and had been a corporation, lawfully organized under the laws of the State of Tennessee, that Mrs. Belle Gettys was and hitherto had been president of said corporation and George E. Guille, was it's secretary; that in the year 1927, Mrs. Belle Gettys and said Geo. E. Guille for and on behalf of said corporation, had filed in the office of the secretary of State, a certificate seeking to surrender the charter of said Ingleside farms, that since the filing of said certificate the said Mrs. Gettys and George E. Guille, have continued to act as trustees of said corporation, and to administer the same and to pay off and collect debts due said corporation, and have had charge of the business and affairs of said corporation, for the use and benefit of the stockholders and creditors.

The declaration further alleges, that on and prior to said date of the filing of the application to surrender the charter the Ingleside farms was seized and possessed of a certain tract of land, described therein.

The declaration further alleges that the legal title to said land is in the Ingleside farms, and that the same has never been conveyed by said corporation, and that the said trustees now and have had possession and control of said land and have been and are administering the same, for the purpose of winding up the affairs for the said corporation, and to this end have sold some of the land belonging to the Ingleside Farms, for the purpose of using the proceeds thereof and for the payment of debts owing by said Ingleside farms.

The declaration further alleges, that on or about February 1, 1928, the plaintiff in error, McMinn county, entered upon said lands without the consent of the corporation or the aforesaid trustees, and over the protest of said trustees, took and appropriated for public use, as a road bed or right of way, a certain tract or parcel of land which is described in the declaration, and that said land is now worth, or was at the time it was appropriated, the sum of four hundred ($400) dollars, per acre, or thirty-six hundred ($3600) dollars, there being approximately nine acres, and that plaintiff in error, McMinn county, took over and used the tract or parcel of land for a road bed, or right of way, and has since been in possession of said land.

The defendant demurred to this declaration on two grounds. The first ground being sub-divided into three paragraphs. The said paragraphs on the 1st ground are as follows:

(a) That the declaration shows that the cause of action set out therein, is not incidental to the winding up of the affairs of the corporation. The declaration setting out that the cause of action herein sued on, arose on or about the 1st day of February, 1928, and after the surrender of the charter.

(b) That the declaration fails to show any authority on the part of plaintiffs, Mrs. Belle Gettys and George E. Guile, as trustees, to continue to administer the affairs of the corporation. The declaration failing to show that the affairs of the corporation had not been wound up, or that any of the debts of said corporation remained unpaid.

(c) Because it does not appear that this suit is necessary for the purpose of settling up the affairs of the corporation.

The second ground of the demurrer set out that the declaration fails to show what land is owned by the plaintiff, Ingleside farms, at the time of the bringing of the suit, it merely alleges that the Ingleside farms was the owner of the property described in the declaration, at the time of the dissolution, and later sets out that part of the property has been sold and therefore fails to show what lands are owned by plaintiff, at the time of the institution of the present suit. This demurrer was overruled, thereupon, the defendant filed a special plea and also a plea of not guilty. The plaintiffs

filed a motion to strike defendant's special plea on the ground that the paper writing filed with the plea was not signed by plaintiff or any person authorized to sign its name. By the special plea, it was alleged that one Isabelle Gettys Watkins, representing the heirs of the Gettys estate, had consented to give to McMinn county, the land that they were using for a road right of way and which is being sued for. This motion to strike was sustained and the cause came on to be heard on plaintiff's declaration and the plea of not guilty of the defendant, before the court and jury, which jury returned a verdict in favor of plaintiff for $2500 with interest from February 1, 1928, amounting to $2616.25. The jury found that the land actually taken and appropriated by the defendant was worth $2000 and they fixed the incidental damages to the remainder of complainant's land at $500.

The defendant filed a motion for a new trial containing many grounds. This motion was overruled, an appeal perfected and the following errors have been assigned:

By the 1st, 2nd, 3rd and 4th errors, it is insisted that the court erred in not sustaining the defendant's demurrer:

(1) Because the cause of action set out in the declaration is not incidental to the winding up of the affairs of the corporation.

(2) Because the declaration failed to show any authority on the part of the trustees mentioned to continue to administer the affairs of said corporation. The declaration failed to show that the affairs had been wound up.

(3) Because it does not appear that this particular suit is necessary for the purpose of winding up the affairs of the corporation.

(4) Because the declaration failed to show what land was owned by the corporation at the time the suit was brought.

The 5th assignment complains of the court's action in sustaining the motion to strike a special plea.

The 6th assignment is as follows:

The court erred in overruling the plaintiff in error's motion for a new trial which is as follows: Then follows the motion for a new trial which covers three pages of the transcript and five pages of defendant's brief. Said motion for a new trial contained ten grounds, however, counsel for the defendants frankly state, in concluding their brief, as follows:

As to the other questions raised by the motion for a new trial, we do not think it necessary to go into these further, because if the court below was correct in not sustaining the demurrer and striking out plaintiff in error's plea, the verdict of the jury is not excessive according to the greater weight of the evidence, and we have no desire to prolong this brief with

an unnecessary discussion of such matters, however, we are still relying on our assignments of error to the effect that the court was in error in overruling the demurrer and striking out plaintiff in error's plea, and for these reasons we insist that our assignments of error to this effect, should be sustained.

Really what is before this court on this appeal is the action of the court on the demurrer and in striking the special plea. This special plea is not preserved in the bill of exceptions, it is not before the court in such form that we can consider it.

A plea when stricken, is no longer a part of the record and in order to get it before the court it must be preserved by the bill of exceptions. Sams v. State, 133 Tenn., 188; Hoop Co. v. Templeton, 151 Tenn., 375.

The 5th assignment is overruled. We will dispose of the first four assignments together as they raise but one question and that is, as to the court's action on the demurrer. The declaration charges that the defendant wrongfully entered and took possession on February 1, 1928, of certain lands belonging to the plaintiff's corporation. It alleged that the legal title to said land is in the said Ingleside farms, a corporation; that said land is now one of the assets and properties of the said Ingleside farms, a corporation, and while the declaration alleged that an attempt had been made to surrender the charter of said corporation and that the other two plaintiffs were designated as trustees for the properties of said corporation to administer its affairs, pay off its debts and handle its properties generally for the use or the benefit of its stockholders and creditors in the manner prescribed by law, this action does not depend solely upon the trustees to prosecute this suit. It was prosecuted in a double aspect by the corporation and by the trustees. There is no question as to misjoinder of parties and we are of the opinion that the declaration makes it fairly appear that it is necessary for the benefit of the stockholders and creditors of this corporation for this suit to be prosecuted. Any corporation should be permitted to collect an asset for the benefit of its stockholders.

We are of the opinion that there is no error in overruling the demurrer and the first four assignments of error are overruled. The sixth assignment, which sets out the motion for a new trial, is overruled because it is too general. Upon the whole record we find that McMinn county, one of the counties of the State, appropriated more than eight acres of valuable land belonging to the plaintiff, which land was near the town of Athens, and worth from $200 to $400 per acre as shown by the record. We are of the opinion that the plaintiffs were clearly entitled to compensation for these lands and the jury has fixed the amount due the plaintiffs by giving them such a judgment, which is admitted by the defendant's

counsel not to be excessive. It results that all the assignments of error are overruled, the judgment of the lower court is affirmed. The plaintiffs will recover of the defendant and its surety on appeal bond, the costs of the cause for which execution will issue. Execution will issue, also, for the amount of the judgment rendered in favor of plaintiffs with interest thereon from the date of its rendition.

Heiskell and Senter, JJ., concur.