[Crim. No. 225. Second Appellate District.—December 18, 1911.]

In the Matter of the Application of HENRY TOM for Writ of Habeas Corpus.

CRIMINAL LAW — LEWD AND LASCIVIOUS ACTS WITH CHILD — CHARGE AGAINST YOUTH UNDER EIGHTEEN—PROBATION DISCRETIONARY—JURISDICTION TO PUNISH.—Where a youth under eighteen years was informed against for the crime of committing lewd and lascivious acts with a child under the age of fourteen years, in violation of section 288 of the Penal Code, and pleaded guilty of such crime, although the superior court, under the provisions of section 1203 of the Penal Code, after such plea of guilty, could, in its discretion, have allowed the defendant a probationary term, it was not required to do so, for what it deemed sufficient reasons, and had jurisdiction to sentence the defendant to the state's prison for a term of years.

ID.—EXAMINATION BEFORE MAGISTRATE—DUTY OF MAGISTRATE—STATEMENT OF ATTORNEY AS TO AGE.—If, upon the preliminary examination before the magistrate, it had appeared that the accused was under eighteen, it would have been the duty of the magistrate, under the juvenile court law (Stats. 1911, p. 659), to have referred the case to the juvenile court; but when the attorney for the accused stated to the magistrate that he was eighteen years of age, the magistrate under such statement was not required to make such reference, and properly held him to answer before the superior court.

ID.—HABEAS CORPUS—FACTS NOT WARRANTING DISCHARGE.—It is held that under the facts appearing, there is no ground for the release of the accused upon *habeas corpus,* after a plea of guilty in the superior court, and a sentence of imprisonment in the state prison, but the writ applied for must be discharged, and the petitioner remanded to the custody of the sheriff, under the sentence.

APPLICATION for discharge upon writ of *habeas corpus.*

The facts are stated in the opinion of the court.

Frank Stewart, and Shaw & Stewart, for Petitioner.

J. D. Fredericks, District Attorney, and J. W. Joos, Deputy District Attorney, for Sheriff, Respondent.

JAMES, J.—Application by petitioner on *habeas corpus* for discharge from custody after plea of guilty and sentence of imprisonment. Petitioner was informed against in the superior court under the provisions of section 288 of the Penal Code, which denounces as a crime the committing of certain lewd and lascivious acts with or upon a child under the age of fourteen years.

The contention made on behalf of petitioner is that the charge should have been heard in and punishment determined by the juvenile department of the superior court, and not by the regular criminal trial department, in which it was heard and considered, for the alleged reason that petitioner at the time of the filing of the information against him was under the age of eighteen years.

The act of the legislature, commonly called the juvenile court law (Stats. 1911, p. 659), provides that whenever it is suggested in a court other than a superior court that a person against whom a crime is charged is under the age of eighteen years, it shall be the duty of the magistrate to certify the case to the juvenile court for further proceedings. It appears by the petition in this case that petitioner was first charged in a justice's court and therein ordered to be held to answer for trial in the usual way. It does not appear that any suggestion was made, while the charge was pending before the justice of the peace on preliminary examination, that petitioner was under the age of eighteen years; but, on the contrary, it appears that a statement was made by petitioner's counsel before the justice to the effect that petitioner then was ''a boy eighteen years of age.'' The justice of the peace was not required, under such a statement, to refer the case to the juvenile court. After being held to answer for trial on the charge mentioned, without making any claim that he was of such an age as to entitle him to consideration under the ju-

venile act, petitioner entered a plea of guilty in the superior court to the information there filed against him. The petition recites that before sentence he filed a written application with the court, asking to be released from custody on a probationary term, in which application he stated that at the time the information was filed he was of the age of seventeen years. The petition further recites that the court then referred the matter to a probationary officer and continued the hearing thereon from time to time until finally sentence was pronounced that petitioner be imprisoned in the state prison for a period of two years.

We are of the opinion that the superior court had jurisdiction to enter the judgment of imprisonment and that the juvenile court law does not, under the circumstances shown in this case, require that any other or different course be pursued than that followed. The court, under the provisions of section 1203, Penal Code, after a plea of guilty, could in its discretion have allowed petitioner to be released from custody on probationary term, but no doubt, for good reasons, it was considered that petitioner was not deserving of such leniency.

The writ is discharged and petitioner remanded to the custody of the sheriff.

Allen, P. J., and Shaw, J., concurred.