# OSCAR SAMS *v.* STATE.

## (*Knoxville.*   September Term, 1915).

**1. CRIMINAL LAW. Pleas. Necessity of plea.**

Where the record failed to show that a plea of not guilty was interposed, and there was nothing in the transcript from which an implication might arise that such a plea was filed, a verdict and judgment were nullities as there was no issue for the jury to try. (*Post, pp.* 191, 192.)

Cases cited and approved: Link v. State, 50 Tenn., 252; Wallace v. State, 72 Tenn., 309; Lynch v. State, 99 Tenn., 124; Muse v. State, 106 Tenn., 181.

Code cited and construed: Sec. 7173 (S.)

**2. CRIMINAL LAW. Bill of exceptions. Necessity.**

A plea, when stricken, ceased to be a part of the record, and to make it a part of the record so that it could be reviewed, it was necessary to incorporate it into a bill of exceptions, together with the court's action in respect to it. (*Post, pp.* 192, 193.)

**3. INFANTS. Crimes. Criminal procedure. "Delinquent Child."**

Where the evidence showed without dispute that defendant was under sixteen at the time of his arrest and at the time of the court's action on a motion in arrest of judgment, it should have sustained the motion and transferred the cause and the custody of defendant to the juvenile court under Acts 1911, ch. 58, defining a "delinquent child" as any child under sixteen who violates any law of the State, and providing that, when a child under sixteen is arrested, he shall be taken directly before the juvenile court, and that, if he is taken before a justice of the peace or police magistrate, or any other official or court having jurisdiction of the alleged offense, it shall be the duty of such court or official to transfer the cause to

Sams v. State.

the juvenile court, and the officer having the child in charge shall take him before that court.  (*Post*, *pp*. 193-197.)

4.  INFANTS.  Crimes.  Criminal procedure.

Acts 1911, ch. 58, sec. 9, provides that, when a child under sixteen is adjudged a delinquent child, he shall be deemed a ward of the juvenile court, which may, in its discretion, retain jurisdiction and control of such child until he arrives at the age of twenty-one, and that any child committing a misdemeanor or felony, and found to be a delinquent child, and thereafter found by the court to be incorrigible and incapable of reformation or dangerous to the welfare of the community, may, in the court's discretion, be remanded to the proper court of the county in which the crime was committed and tried for such crime.  Section 10, provides that, when a child under sixteen is arrested, he shall be taken directly before the juvenile court, or, if he is taken before a justice of the peace or police magistrate, or any other official or court having jurisdiction over the alleged offense, it shall be the duty of such justice, court, or official to transfer the case to the juvenile court, and the officer having the child in charge shall take the child before that court, which shall proceed to hear and dispose of the case.  *Held*, that where, though it appeared that defendant was under sixteen at the time of his arrest and at the time of his motion in arrest of judgment, the circuit court failed to transfer the cause and the custody of the child to the juvenile court, its failure to do so did not defeat the jurisdiction of the juvenile court, and that court subsequently had jurisdiction to deal with the child, though he was then over sixteen; the custody which the circuit court and its officers had of defendant being regarded as held for the juvenile court.  (*Post*, *pp*. 193-197.)

Acts cited and construed:  Acts 1911, ch. 58, sec. 9.

FROM HAMBLEN.

Error to the Circuit Court of Hamblen County.—
G. Mc. HENDERSON, Judge.

JOHN R. KING, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General,
for the State.

MR. JUSTICE BUCHANAN delivered the opinion of the
Court.

Plaintiff in error, Oscar Sams, was charged, by in-
dictment, with the offense of unlawfully carrying about
his person certain unlawful weapons, pistols and re-
volvers, contrary, etc. To this indictment he filed a
plea rasing the question that the circuit court was
without jurisdiction to try him upon the charge pre-
ferred. The substance of this plea was that at the
time the offense was alleged to have been committed
by him, he was under the age of sixteen years, and
that the jurisdiction to deal with him was not in the
circuit court, but in the juvenile court of Hamblen
county. His plea was verified by his oath. The State
moved to strike the plea. The court sustained the
motion and the plea was stricken, to which action ex-
ception was reserved.

By the same minute entry which shows the above it
is recited:

"Thereupon came the attorney-general *pro tem,* in
behalf of the State, and the defendant in proper per-
son and by attorney; came also a jury of good and

lawful men, to wit,'' naming them, who ''upon their oaths do say that they find the defendant guilty as charged in the indictment.''

The next step appearing in the same minute entry was a motion for a new trial, based on the action of the court in overruling the plea to its jurisdiction. The court overruled this motion. Then appears in the same minute 'entry a motion in arrest of judgment, based on the ground that the defendant was under the age of sixteen years at the time the State's proof showed the alleged offense to have been committed. The court overruled this motion. To each of the foregoing actions by the court the defendant reserved his exception. Then in the same minute entry appears the judgment of the court, which imposed upon plaintiff in error a fine of $50, and the costs of the cause, and ordered that he be committed to the county workhouse in case of failure to pay the fine and costs. It also appears in the same entry that plaintiff in error prayed, and was granted, an appeal to this court.

We think the judgment of the court below must be reversed on two grounds: First, because there is no showing of record that plaintiff in error ever plead to the merits of the cause. Waiving for the moment the question of jurisdiction, we consider this point.

The record fails to show that the plea of not guilty was interposed; therefore there was no issue between the State and plaintiff in error for a jury to try, and the verdict of the jury was a nullity, and so is the judgment based thereon. Our statute provides:

"If the defendant refuses or neglects to plead, or stands mute, the court shall cause the plea of not guilty to be entered and proceed with the trial as if the defendant had put in the plea."

See section 7173, Shannon's Code; also *Link* v. *State,* 50 Tenn. (3 Heisk.), 252; *Wallace* v. *State,* 72 Tenn. (4 Lea), 309; *Lynch* v. *State,* 99 Tenn. (15 Pick.), 124, 41 S. W., 348; *Muse* v. *State,* 106 Tenn. (22 Pick.), 181, 61 S. W., 80. In the case last named the transcript showed that the jury "were sworn to try the issues joined," and the "necessary inference" was held to be that a plea of not guilty was interposed; so that case was distinguished from *Lynch* v. *State,* supra. We find nothing in the transcript in the present case from which an implication may be said to arise that a plea of not guilty was filed. If the circuit court had been clothed with jurisdiction to try this cause, what we have said above would suffice under our authorities to justify a reversal of the judgment, and a remand of the cause for further proceedings in the circuit court. But the most difficult question in the present case is how plaintiff in error shall be dealt with in the circuit court upon the remand of the cause; in other words, what is the jurisdiction of that court in respect of the charge in the indictment set out against this particular plaintiff in error under the facts of this case and our existing statutes.

For the State it is insisted that, in so far as the plea to the jurisdiction of the circuit court is concerned, the action of the trial judge thereon cannot be reviewed. This insistence is grounded upon the idea

that when the plea was stricken it ceased to be a part of the record, and that, in order thereafter to make it a part of the record, it was necessary that it should be incorporated into the bill of exceptions, together with the action of the court in respect of it.

So far we think the view of the State is correct; but nevertheless the question of the jurisdiction of the circuit court is directly presented in this cause, when we come to consider the assignment of error based on the action of the court in overruling the motion in arrest of judgment. That motion was based on the lack of jurisdiction in the circuit court. The court could then see from the proof in the cause that plaintiff in error was under the age of sixteen years at the time of his arrest, and indeed under such age at the time of the court's action on the motion in arrest of judgment, and of course under such age at the time the indictment charged the offense to have been committed. These facts clearly appeared without dispute in the evidence which had been introduced before the jury.

When these facts appeared to the trial court, it should have sustained the motion in arrest of judgment, for the reason that, under chapter 58, Acts of 1911, plaintiff in error was a ''delinquent'' child, within the meaning of section 1 of that act. That section defines a delinquent child as any child under the age of sixteen years who violates any law of the State, etc. We now quote from certain pertinent sections of that act as follows:

133 Tenn. 13

"Sec. 10. That when a child under the age of sixteen (16) years is arrested with or without a warrant or upon a *capias* or other process issued from any criminal court, such a child shall, instead of being taken before a justice of the peace or police magistrate, or instead of being held to bail or incarcerated for his appearance before any criminal court, be taken directly before such juvenile court; or if the child is taken before such justice of the peace or police magistrate or any other official or court having jurisdiction over his alleged offense, it shall be the duty of such justice of the peace or police magistrate or court or such other official to transfer the case to the juvenile court, and the officer having the child in charge shall take the child before that court, and in any case the court shall proceed to hear and dispose of the case in the same manner as if the child had been brought before the court upon petition as herein provided. In any case the court shall require notice to be given and investigation to be made as in other cases under this act, and may adjourn the hearing from time to time for this purpose.

"Sec. 11. That no court or magistrate shall commit a child coming under the provisions of this act to any jail, lockup, or police station for punishment for any offense committed under this act."

"Sec. 9. . . . Whenever a child under the age of sixteen (16) years is adjudged a delinquent child under the provisions of this act, such child shall be deemed a ward of the juvenile court, and the court may, in its

discretion, retain jurisdiction and control of such child in accordance with the provisions of this act until he or she shall have arrived at the age of twenty-one (21) years. Any child who shall have committed a misdemeanor or felony, and who shall have been found by the court to be a delinquent child within the meaning of this act and committed hereunder, and who shall thereafter be found by the court to be incorrigible and incapable of reformation or dangerous to the welfare of the community may, in the discretion of the court, be remanded to the proper court of the county in which such crime was committed, and be proceeded against and tried for such crime, and if found guilty of the commission thereof, be subject to judgment therefor in the same manner as if he had been over the age of sixteen (16) years when such crime was committed; provided, that no statute of limitations now in force affecting any criminal law shall operate in favor of any such child during the time it is in the care and custody of the juvenile court created under this act; provided, that if upon the investigation of any cause coming under the terms of this act, the judge of the juvenile court shall conclude that there is probable cause to believe that the child has been guilty of the crime of rape, murder in the first degree, or murder in the second degree, in that event the court shall at once dismiss said cause from its court and assume no further jurisdiction thereof than to at once remand said child to the sheriff of the county, to be dealt with for such, his alleged offense, as provided in criminal laws of the State.''

Section 1 of the act provides:

"That this act shall apply only to children sixteen (16) years of age or under."

Our construction of the foregoing provisions of the act of 1911 in connection with the entire act and its evident policy is that, when the arrest of plaintiff in error was made, though not by order of the juvenile court, that court acquired immediate jurisdiction over his person. The latter part of section 1 of the act provides that:

"When jurisdiction has been acquired under the provisions of this act over the person of a child, such jurisdiction shall continue for the purposes of this act until the child shall have attained its majority."

While it is clear that the circuit court should have sustained the motion in arrest, and should have transferred the cause and the custody of plaintiff in error to the juenile court, yet we think the error of the circuit court in failing so to do did not defeat the jurisdiction of the juvenile court. That court, in our opinion, has jurisdiction to deal with plaintiff in error at the present time, though he is now beyond the age of sixteen years as fully for all purposes as such jurisdiction would have been vested in it had the circuit court proceeded in accordance with section 10; also as fully as if the arrest of plaintiff in error had, in the first instance, been made by one of the officers of the juvenile court, acting within the scope of his duty, or under the order of that court. In other words, in contemplation of the act of 1911, the custody

which the circuit court and its officers have had of the person of plaintiff in error has been held for the juvenile court, and it is the duty of that court now to deal with plaintiff in error as if he had been held in custody by it, or its officers, since the alleged date of the commission of the offense against the State law. If the juvenile court, in its dealing with plaintiff in error, shall find him to be incorrigible and incapable of reformation or dangerous to the welfare of the community, he may, in its discretion, be remanded to the circuit court, and there be proceeded against and tried for the offense set out in the indictment in this cause, and, if found guilty of the offense, he may, by the circuit court, be subject to judgment therefor in the same manner as if he had been over the age of sixteen years when the offense was committed. See section 9 of the act.

It results that the judgment of the circuit court will be reversed, and this cause remanded to be proceeded with as indicated in this opinion, and a copy hereof will be attached to the *procedendo* on the remand of the cause.