## Mattingly v. Commonwealth.

(Decided September 28, 1916.)

### Appeal from Nelson Circuit Court.

1. Infants—Jurisdiction of Courts—Delinquent Children.—County courts have exclusive jurisdiction to try delinquent children for offenses covered by section 331e, Kentucky Statutes, and circuit courts have no jurisdiction over such offenders, except when conferred by the county courts as provided in that statute.

2. Infants—Jurisdiction of Courts.—The age of the child at the time the offense is committed, and not his age at the time of trial, controls in determining the applicability of the above statute and fixing jurisdiction.

3. Infants—Indictment—When Should be Dismissed.—When it develops upon the trial of a defendant in the circuit court under indictment that he was, at the time the offense was committed, under the age fixed in the above statute, it is the duty of the court to dismiss the indictment and discharge the defendant, unless the prosecution in the circuit court is in pursuance of proper orders of the county court.

4. Infants—Jurisdiction of Courts.—The right of a delinquent child to challenge the jurisdiction of the circuit court is not waived by his failure to make the question during the trial.

OSSO W. STANLEY and NAT W. HALSTEAD for appellant.

M. M. LOGAN, Attorney General; OVERTON S. HOGAN, Assistant Attorney General; J. L. WILLIAMS, Commonwealth Attorney, and R. C. CHERRY, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On the 25th day of June, 1915, the grand jury of Nelson county reported an indictment against the appellant, accusing him of the crime of unlawfully burning a stack of hay, the property of another, on the .......... day of March, 1915.

Upon the 13th of June, 1916, appellant was tried under this indictment and found guilty, his punishment being fixed at confinement in the penitentiary for not less than one year, nor more than two years.

While testifying in his own behalf he was asked to state his age, and replied that he was sixteen years old. No other witness testified or was questioned in reference to appellant's age, nor was any motion or plea entered during the trial questioning the jurisdiction of the court; neither is there any reference made thereto in the motion and grounds for a new trial. However, when appellant was brought into court on June 29, 1916, to receive judgment, he filed a motion to dismiss the indictment and discharge him, and filed affidavits in support thereof, upon the ground that because of his age the court did not have jurisdiction to try him. After hearing the evidence offered, the court overruled the motion and entered the following judgment:

"The defendant was this day brought into court and being informed by the court of the verdict of the jury and judgment of the court entered herein against him and being asked if he had any legal cause to show why the judgment of this court should not be pronounced against him, and none being shown, and it appearing that the age of defendant is indefinite and uncertain, his birth being variously placed at from August 11th, 1897, until August 17th, 1899. From his personal appearance it is the opinion of the court that he is authorized and would not be amiss in placing it at August 11th, 1898. It is therefore the judgment of the court that the defendant be taken by the sheriff of this county to the School of Reform for Boys at Greendale, Kentucky, and there confined until he reaches the age of twenty-one or an indeterminate sentence from one to two years as fixed in the verdict or until he is twenty-one years of age, which, under the judgment, would be on the 11th day of August, 1919."

It will be noticed that the court upon the evidence, adjudged that the defendant was born on August 11,

1898. The stack of hay was shown to have been burned on March 13, 1915. It therefore results that the defendant was, as adjudged by the court, at the time the crime was committed, under seventeen years of age. The court as indicated in the judgment was controlled, in part, in fixing the age of defendant, by his appearance, but the evidence in the record, we think, shows that the defendant was probably a year younger than he was adjudged to be. However, accepting the judgment as to his age, the court was still without jurisdiction to try if his age at the time the crime was committed is to control.

By section 331e of the Kentucky Statutes, a delinquent child is defined to be a male child seventeen years of age or under, or a female child eighteen years of age or under, who has committed any of the acts named in said section, one of which is the violation of any law of this State. By subsection 2 of the same section, county courts are given exclusive jurisdiction in all cases coming within the terms and provisions of the act. Cullins v. Williams, 156 Ky. 57; Marlowe v. Commonwealth, 142 Ky. 106; Commonwealth v. Yungblut, 159 Ky. 87; Talbott v. Commonwealth, 166 Ky. 659; Commonwealth v. Davis, 169 Ky. 681; Commonwealth v. Franks, 164 Ky. 239.

In the case of Talbott v. Commonwealth, *supra,* it was held that, as the circuit court was without jurisdiction of the person of the defendant, the question could be made at any time, and was available for reversal, even though the question was raised for the first time in this court upon appeal. It therefore results that this defendant did not lose the right to raise the question because of his failure to do so during the progress of the trial. Upon the question of jurisdiction the only point raised here that is not concluded by former decisions of this court is the suggestion that the age at the time of trial, rather than at the time the crime was committed, should prevail. This suggestion, however, is, in our judgment, unsound from the very terms of the statute as well as upon reason. The statute defines a "delinquent" child to be one who, of the ages specified, commits any of the acts named, including the crime charged here, and then vests in county courts of the State exclusive jurisdiction to try such "delinquent" children. They become "delinquent" children, by the commission of the act denounced, when the acts are committed, and

the jurisdiction then vests exclusively in the county
court, which court having thus acquired exclusive juris-
diction cannot be ousted by its failure to act. The very
purpose of this law, as has been declared by this court
upon more occasions than one, is to provide for the pro-
tection and care of juvenile offenders in a humanitarian
effort to prevent them from becoming outcasts and
criminals, rather than to inflict punishment for their
delinquencies. To hold that the officers charged with the
execution of the law may defer action until the offend-
ing child has passed the age thus protected by the stat-
ute, and then prosecute him as a criminal and not as a
juvenile, would defeat the very purpose of the law and
cannot be sanctioned. In the case before us, however,
the indictment upon which the defendant was convicted
was returned on June 23, 1915, at which time the de-
fendant was under seventeen years of age, as his age
was fixed by the judgment of the court.

It was said by this court in the case of Talbott v.
Commonwealth, *supra*:

"There was, however, evidence introduced on the
trial sufficient to establish the fact that Talbott was only
sixteen years old, and when his age was thus brought to
the attention of the trial court, we think the court should,
under the law, have suspended the trial, discharged the
jury, set aside the indictment, and dismissed Talbott, so
that he might at once have been taken in charge by an
officer and brought before the county judge of the county,
to be disposed of as provided in section 331e of the Ken-
tucky Statutes."

Wherefore, the judgment is reversed, with directions
to dismiss the indictment and discharge the defendant.