## STATE v. JAMES COBLE.

(Filed 4 May, 1921.)

1. **Courts—Jurisdiction—Juvenile Courts—Investigation—Justices of the Peace—Statutes.**

    The juvenile court, as a separate part of the Superior Court, is given by C. S., 5039, among other things, the sole power to investigate charges of misdemeanors, and of felonies with punishment not exceeding a ten-year imprisonment, made against children between the ages of fourteen and sixteen years, at the time of the offense committed, and excludes the jurisdiction of the justice of the peace to bind them over to the Superior Court in such instances. *S. v. Burnett*, 179 N. C., 735, cited and applied.

2. **Same—Assaults—Deadly Weapon—Superior Court—Transfer of Causes —Removal of Causes.**

    The juvenile court has exclusive jurisdiction over investigating a charge of an assault with a deadly weapon, inflicting a serious injury, made by a child within sixteen years of age, and where a justice of the peace has assumed jurisdiction and bound the defendant over to the Superior Court, the case will, on motion, be removed to the juvenile court, to be proceeded with as the statute directs, though at the later date the offender's age may be more than sixteen years. C. S., 5039.

3. **Courts—Juvenile Courts—Jurisdiction—Correction—Infants—Children —Minority—Statutes.**

    Where the jurisdiction of the juvenile court has once attached it remains during the minority of the youthful offender, for the purpose of his correction and reformation. C. S., 5039.

4. **Statutes—Discrepancies—Courts—Juvenile Courts.**

    *Semble,* the provision of sec. 3, ch. 97, Public Laws 1919, that the meaning of the word "child" shall be one "less than eighteen years of age," and the term "adult" shall mean any person eighteen years old or over, intended, from the interpretation of the entire chapter, that to come within the provision of the act the child should be a minor under the age of sixteen years, and *Held,* the discrepancy is cured by C. S., 5041.

APPEAL by the State from *Ray, J.,* at January Term, 1921, of ANSON.

Criminal prosecution for an assault with a deadly weapon, inflicting serious injury upon one Ellis Harrington.

It is admitted that at the time of the alleged assault, 2 May, 1920, the defendant was less than sixteen years of age; that he was arrested upon a warrant issued by a justice of the peace, and that upon the preliminary hearing a motion was made to transfer the cause to the juvenile court, based upon the following affidavit:

"W. D. Coble, being duly sworn, says that he is the father of Jim Coble, the defendant, and that the said Jim Coble is only fifteen years of age, and will not be sixteen until in July, 1920.

"Wherefore, in behalf of said minor, he asks that the charge of assault against him be removed to the juvenile court for Anson County.
                                        "W. D. COBLE.

"Sworn to and subscribed before me, this 5 May, 1920.
                                        "E. E. BARRET, J. P."

This motion for removal was denied by the justice, and the defendant was bound over to appear and answer the charge preferred against him at the next term of the Superior Court.

At the September Term, 1920, of Anson Superior Court a bill of indictment was returned by the grand jury, to which the defendant was required to plead; and it is admitted that at the time of the finding of said bill the defendant had reached the age of sixteen years.

When the case was called for trial at the January Term, 1921, the defendant renewed his motion to have the cause transferred to the juvenile court. This motion was overruled. Whereupon the defendant, reserving his right to enter a plea in abatement, submitted to the offense and moved to be discharged upon the ground that the prosecution had abated by reason of the fact that his case, at the time of the alleged occurrence, was cognizable only in the juvenile court, and that, as he had reached the age of sixteen years without any valid action having been taken against him, the Superior Court at term was without authority to proceed further in the cause. This motion was allowed, and the State appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Tarlton & Edwards for defendant.*

STACY, J. Chapter 97, Public Laws 1919, now C. S., 5039, *et seq.,* was before the Court for construction in the case of *S. v. Burnett,* 179 N. C., 735, where, among other things, it was held that children under sixteen years of age, charged with being delinquent by reason of the violations of the criminal laws of the State, should not be treated as criminals except in certain cases, and that the statute provided and was intended to provide in effect:

1. That the Superior Courts shall have exclusive original jurisdiction

over all cases coming within the provisions of this act; and there shall be established in each county a juvenile court, as a separate part of the Superior Court of the district, for the hearing of all such matters and causes.

2. That children under fourteen years of age are no longer indictable as criminals, but in case of delinquency must be dealt with as wards of the State, to be cared for, controlled and disciplined with a view to their reformation.

3. That children between the ages of fourteen and sixteen, when charged with felonies in which the punishment cannot exceed imprisonment for more than ten years, are committed to the juvenile court for investigation, and if the circumstances require it, may be bound over to be prosecuted in the Superior Court at term, under the criminal law appertaining to the charge.

4. That children of fourteen years and over, when charged with felonies in which the punishment may be more than ten years imprisonment, in all cases shall be subject to prosecution for crimes as in case of adults.

5. That in matters investigated and determined by the juvenile court no adjudication of such court shall be denominated a conviction; and further, that no child, dealt with under the provisions of the act, shall be placed in any penal institution or other place where they may come in contact with adults charged with or convicted of crime.

6. "When jurisdiction has been obtained in the case of any child, unless a court order shall be issued to the contrary, or unless the child be committed to an institution supported and controlled by the State, it shall continue for the purposes of this act during the minority of the child. The duty shall be constant upon the court to give each child subject to its jurisdiction such oversight and control in the premises as will conduce to the welfare of such child and to the best interests of the State." Sec. 1.

7. "This act shall be construed liberally and as remedial in character. The powers hereby conferred are intended to be general and for the purpose of effecting the beneficial purposes herein set forth. It is the intention of this act that in all proceedings under its provisions the court shall proceed upon the theory that a child under its jurisdiction is the ward of the State, and is subject to the discipline and entitled to the protection which the court should give such child under the circumstances disclosed in the case." Sec. 4.

From the foregoing it follows that the defendant's motion for removal of his cause to the juvenile court for investigation and determination, according to the law appertaining to the charge, should have been

allowed. The defendant has committed no offense for which he may be treated as a criminal under the statute. He is charged with a misdemeanor, though a serious one, and not a felony over which the Superior Court at term would have jurisdiction. His delinquency or conduct, which makes him amenable to the law, is cognizable, in the first instance, only in the juvenile court. Hence the indictment returned by the grand jury should be dismissed and the case remanded to the juvenile court for its consideration.

The identical question here presented was before the Supreme Court of Kentucky in the case of *Mattingly v. Commonwealth*, 171 Ky., 222, where it is said: "Upon the question of jurisdiction, the only point raised here that is not concluded by former decisions of this Court is the suggestion that the age at the time of trial, rather than at the time the crime was committed, should prevail. In our judgment, however, this suggestion is unsound from the very terms of the statute as well as upon reason. The statute defines a 'delinquent' child to be one who, of the ages specified, commits any of the acts named, including the crime charged here, and then vests in county courts of the State exclusive jurisdiction to try such 'delinquent' children. They become 'delinquent' children, by the commission of the act denounced, when the acts are committed, and the jurisdiction then vests exclusively in the county court, which court, having thus acquired exclusive jurisdiction, cannot be ousted by its failure to act.

"The very purpose of this law, as has been declared by this Court upon more occasions than one, is to provide for the protection and care of juvenile offenders in a humanitarian effort to prevent them from becoming outcasts and criminals, rather than to inflict punishment for their delinquencies. To hold that the officers charged with the execution of the law may defer action until the offending child has passed the age thus protected by the statute, and then prosecute him as a criminal and not as a juvenile, would defeat the very purpose of the law and cannot be sanctioned."

Probably it should be noted that in sec. 3, ch. 97, Public Laws 1919, it is provided that the term "child," when used in this statute, shall mean any minor less than *eighteen* years of age; and the term "adult" shall mean any person eighteen years of age or over. Reading the entire context of the chapter, however, it would seem that the Legislature intended to say that a child, to come within the provisions of the act, should be a minor under *sixteen* years of age, rather than under eighteen. This discrepancy evidently was occasioned by the fact that the law of 1915, which was repealed by the law of 1919, provided that the term "child," when used in that act, should be a minor under *eighteen years* of age. But this variance apparently has been corrected as will appear

from section 5041 of the Consolidated Statutes, and can have no material bearing here.

The jurisdiction of the juvenile court is not to be ousted or denied by reason of the fact the defendant has now reached the age of sixteen, for it is clear that his age at the time of the commission of the offense, rather than at the time of trial, is to determine his guilt or liability and the tribunal which shall take cognizance of his case. Furthermore, he is not to be tried as a criminal but as a juvenile delinquent; and, under the express provisions of the statute, the jurisdiction of the juvenile court, having once attached, continues for the purposes of correction and reformation during the minority of the defendant.

The case will be remanded with direction that the indictment be dismissed and that the defendant be committed to the juvenile court for further proceedings. It is so ordered.

Error.