## Cody v. Commonwealth.

(Decided October 30, 1925.)

### Appeal from Warren Circuit Court.

Infants—Defendant's Evidence that he was Under 17 Years of Age at Time Offense was Committed being Uncontradicted, Court should have Dismissed Indictment and Referred Case to County Court for Action.—In prosecution for malicious shooting with intent to kill, with defendant's evidence that he was under 17 years of age at time offense was committed being uncontradicted, court should have sustained his motion to dismiss indictment, and then refer the case to county court for action in accordance with

Kentucky Statutes, sections 331e-1, 331e-2, notwithstanding court's opinion, gained solely from defendant's appearance, that he was more than 17 years of age.

GARDNER, OLIVER & DIXON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant was tried and convicted for the offense of malicious shooting with intent to kill. From the verdict and judgment he brings this appeal. The offense for which appellant was tried occurred in September, 1923. On his trial he testified without objection that he was born on September 16, 1907. Later on in the trial the principal of the school in which appellant had been entered as a student on September 12, 1921, was introduced, and from the records he made at that time from information furnished him by a cousin of appellant, who entered him at the school, he testified that the appellant was then thirteen years old. It seems to be admitted that the mother of appellant was unable to testify on account of her weakness of mind. It is true the records of the principal of the school were somewhat confused, but this confusion arose, as clearly appears from the evidence, in this way: A year or so after appellant had been entered in the school, a teacher of the institution transcribed its records. In transcribing such records the teacher, when she came to the column set apart for the age of the pupils, put the then age of appellant in such blank space instead of his age at the time he entered the school. Not only did she make this mistake with regard to appellant, but it is shown she made the same character of mistake with regard to other students in the school. Both the original record made in 1921 by the principal and the transcribed record were introduced in evidence. With this explanation the confusion in these records disappears.

This was all the evidence introduced at the trial concerning appellant's age. He made proper motions to have the indictment against him in the present case dismissed on the grounds that under Kentucky Statutes, section 331e-1, defining a delinquent child as a male seventeen years of age and under who has violated the law, and under subsection 2 thereof giving county courts ex-

clusive jurisdiction of such offense, the circuit court was without jurisdiction to try him for the offense charged until he had been presented in the county court and it had relinquished its jurisdiction to the circuit court. The following cases sustain appellant's legal proposition if the premises as to his age be correct: Mattingly v. Commonwealth, 171 Ky. 222, 188 S. W. 370; Talbott v. Commonwealth, 166 Ky. 659, 179 S. W. 621; Marlowe v. Commonwealth, 142 Ky. 106, 133 S. W. 1137. Although the evidence was as stated, the circuit court overruled appellant's motion to dismiss the indictment because, as stated by the circuit court in an opinion filed in this case: ''Having a view of the boy who sat there in open court before it for a day or two, he appeared not only to be 17 years of age, but nearer 20 years of age.'' It is clear that the court's opinion as to the age of appellant gained solely from his appearance in court cannot outweigh the positive and uncontradicted testimony in this record as to his age. The court should have sustained the motion of appellant to dismiss this indictment and then referred the case to the county court for action. As he failed to do so the case must be reversed. Other questions raised by the record are not passed on but reserved.

Judgment reversed.