PEOPLE *v.* ROSS.

1. HOMICIDE—DEGREES OF MURDER DEFINED BY STATUTE—PROSECUTIONS FOLLOW COMMON LAW.
   Although the statutes of this State define degrees of murder and prescribe punishment, they leave prosecutions to follow the course of the common law.[1]

2. INFANTS — JUVENILE COURT ACT — PROVISO AS TO WAIVER OF JURISDICTION BY PROBATE COURT HAS REFERENCE TO AGE WHEN CHARGED RATHER THAN WHEN OFFENSE COMMITTED.
   The proviso in the juvenile court act (Act No. 105, Pub. Acts 1923, § 6) that where a child over the age of 15 years is charged with a felony the judge of probate may waive jurisdiction and the child be tried in the court having general criminal jurisdiction of such offense, has

---

[1]Homicide, 29 C. J. § 78.

235—Mich.—28.

reference to the age of the child when charged rather than to the age at the time of the commission of the offense.[2]

3. Same—Statutes—Repeal by Implication.

The provision in 1 Comp. Laws 1915, § 2012, that proceedings under the act should not be deemed criminal proceedings and should not prevent the trial by criminal procedure in the proper courts of children over 14 years of age charged with the commission of a felony, *held*, not repealed by implication by Act No. 105, Pub. Acts 1923, § 6.[3]

4. Same—Child Under 17 Committing Felony Must be Submitted to Probate Court—Waiver of Jurisdiction.

Where a child under the age of 17 years and above the age of 15 years is charged in a criminal proceeding with a felony, and his age is ascertained during the pendency of said charge, the officer making the arrest, or the court ascertaining the age, must submit the matter to the juvenile court, and that court may waive jurisdiction and permit the child to be tried in the court having general criminal jurisdiction of the offense.[4]

5. Homicide—No Limitation of Time in Making Charge.

There is no limitation of time within which one committing murder must be charged therewith.[5]

6. Infants—Juvenile Court Law—No Theory of Irresponsibility of Children to Commit Crime.

The juvenile court law does not proceed on the theory that there is a period of irresponsibility in regard to crime or legal incapacity to commit crime by children, but leaves the common-law rule in full force, except as to procedure against offenders under the age of 15 years at the time they are charged with a felony.[6]

7. Same—Homicide—Juvenile Court Has No Jurisdiction Over Criminal Offenses.

A child may not be charged with or held for the crime of murder in the juvenile court, since that court has no jurisdiction over criminal offenses, the proceedings therein being in no sense criminal.[7]

---

[2]Infants, 31 C. J. § 229; [3]Id., 31 C. J. § 228; [4]Id.. 31 C. J. § 229; [5]Criminal Law, 16 C. J. § 340; [6]Infants, 31 C. J. § 228; [7]Id., 31 C. J. § 231.

8. SAME — NO CHARGE MADE UNTIL MADE IN COURT HAVING CRIMINAL JURISDICTION.

One is not in law charged with a felony within the meaning of the juvenile court act (Act No. 105, Pub. Acts 1923, § 6), until the charge is made in a court having criminal jurisdiction.[8]

9. CRIMINAL LAW—CHARGE IS FIRST STEP IN PROSECUTION.

A charge is the first step in the prosecution of a crime, being an accusation in legal form, made in the course of procedure for the apprehension of an offender and his trial before a court of competent jurisdiction.[9]

10. INFANTS—JUVENILE COURT ACT—WAIVER OF JURISDICTION BY PROBATE COURT VALID—CRIMINAL LAW.

Where a boy 35 days under the age of 15 years committed the crime of murder, waiver of jurisdiction by the probate court under the provisions of the juvenile court act (Act No. 105, Pub. Acts 1923, § 6), after the boy had reached the age of 15, was valid, although at the time of waiver no formal charge, under criminal procedure, had been made against him.[10]

BIRD, C. J., and SNOW and McDONALD, JJ., dissenting.

Exceptions before judgment from Marquette; Flannigan (Richard C.), J. Submitted February 9, 1926. (Docket No. 177.) Decided July 1, 1926.

Fred Ross, Jr., was convicted of murder in the second degree. Affirmed.

*Clarence E. Lott,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Thomas Clancey,* Prosecuting Attorney, for the people.

BIRD, C. J. (*dissenting*). Defendant was charged with murder in the Marquette circuit court and convicted, and the case comes to this court on exceptions before sentence. It appears that at the time the crime was committed, on July 10, 1925, the defendant was

[8]Infants, 31 C. J. § 229; [9]Criminal Law, 16 C. J. § 230; [10]Infants, 31 C. J. § 229.

a minor, not yet 15 years of age.   He was apprehended and taken before the probate court, and, after the county agent investigated, he was charged as a delinquent, on account of the offense which he committed.   He was committed to the custody of the county agent, to be confined in the detention room, in the city of Marquette, until the further order of the court.   On August 15, 1925, the defendant became 15 years of age.   On the 26th of that month the prosecuting attorney filed a petition in probate court  requesting the court to waive jurisdiction  so that defendant could be taken into the circuit court and charged with murder, under the authority of the following proviso:

"*Provided, however,* that in any case where a child over the age of fifteen years is charged with a felony, the judge of probate may, after investigation and examination, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense." . Act No. 105, Pub. Acts 1923, § 6.

This motion was granted.   Jurisdiction was waived by the probate court, and defendant was then taken into the circuit court, where he was charged, tried, and convicted of second-degree murder.   Defendant's counsel moved to quash the information because the defendant was under 15 years of age when the offense was committed, and, therefore, the probate court could not waive jurisdiction.   The trial court denied the motion on the ground that defendant was 15 years of age when charged with the offense in the circuit court.

The sole question raised is whether the probate court can waive jurisdiction where the boy is 15 years of age when charged, but where the offense for which he is charged was committed while he was 14 years of age.   In construing this proviso, we should keep in

mind the thought that lay back of the constitutional and statutory provisions changing the method of dealing with juvenile offenders. Until recent years we apprehended, tried, and disposed of juvenile offenders the same as we did adults. In many cases the courts did more harm than good. They committed juvenile offenders to our prisons where their older associates made criminals of them before they were released. At last we came to realize that youth has its reckless and irresponsible moods, and that they should be dealt with on a different basis than adults. It was this thought that put into the State Constitution, and afterwards into the statute, the present method of dealing with juvenile offenders. It created juvenile courts, and in counties of this class made the probate court the juvenile court. The law is clear that it intended juvenile courts should have original jurisdiction over offenses committed by children under 17 years of age (Act No. 6, Pub. Acts 1907, as amended by Act No. 105, Pub. Acts 1923), with one exception, when any "child over the age of fifteen years is charged with a felony." It left it to the sound discretion of the probate judge to say whether he would waive jurisdiction and allow the child to be taken into the circuit court for trial. It is evident from the act that it is the child's immature mind which protects him from the common-law court until he has arrived at a certain age. This protection is afforded him on the theory that a child may commit some criminal act before he is 17 that he would not later commit by reason of his maturity. In view of this, we think it is not so material how old he is when charged, but the important fact is, how old was he when he committed the criminal act? Suppose a boy 13 years of age commits a criminal act, can you wait until he is 15 years of age and then charge him with the offense in the circuit court? If you can, by what standard

are you going to deal with him, as a child or as an adult? It is acts committed by reason of immaturity of mind that the law is dealing with, and not his age, when he is charged with being delinquent. We think the proviso should be construed the same as though it read:

"*Provided, however,* That in any case where a child over the age of fifteen years commits a felony the judge of probate," etc.

This is the only interpretation that is in accord and consistent with the constitutional and legislative changes, and the only interpretation that will work out the purpose of the law. This question has been before other courts. An interesting case is that of *Mattingly* v. *Commonwealth,* 171 Ky. 222 (188 S. W. 370). It was there said, in part:

"Upon the question of jurisdiction the only point raised here that is not concluded by former decisions of this court is the suggestion that the age at the time of trial, rather than at the time the crime was committed, should prevail. This suggestion, however, is, in our judgment, unsound from the very terms of the statute as well as upon reason. The statute defines a 'delinquent' child to be one who, of the ages specified, commits any of the acts named, including the crime charged here, and then vests in county courts of the State exclusive jurisdiction to try such 'delinquent' children. They become 'delinquent' children by the commission of the act denounced when the acts are committed, and the jurisdiction then vests exclusively in the county court, which court, having thus acquired exclusive jurisdiction, cannot be ousted by its failure to act. The very purpose of this law, as has been declared by this court upon more occasions than one, is to provide for the protection and care of juvenile offenders in a humanitarian effort to prevent them from becoming outcasts and criminals rather than to inflict punishment for their delinquencies. To hold that the officers charged with the execution of the law may defer action until the offending child has passed the age thus protected by the statute, and then prose-

cute him as a criminal, and not as a juvenile, would defeat the very purpose of the law and cannot be sanctioned."

Other cases in accord are *Waters* v. *Commonwealth,* 171 Ky. 457 (188 S. W. 490) ; *Compton* v. *Commonwealth,* 194 Ky. 429 (240 S. W. 36)`; *Ex parte Parnell* (Okla. Cr.), 200 Pac. 456; *In re Tom,* 17 Cal. App. 678 (121 Pac. 294) ; *People* v. *Oxnam,* 170 Cal. 211 (149 Pac. 165) ; *State* v. *Thomas,* 250 Mo. 189 (157 S. W. 330) ; *Sams* v. *State,* 133 Tenn. 188 (180 S. W. 173) ; *State* v. *Coble,* 181 N. C. 554 (107 S. E. 132) ; *State* v. *Superior Court,* 105 Wash. 684 (179 Pac. 79).

Due, undoubtedly, to the many changes in this law in recent years, there appears to be no provision for the disposition of delinquent children under 15 years of age who commit felonies beyond the usual penalties for minor delinquencies.    This is a subject for legislative consideration.

The judgment of conviction should be set aside and defendant should be committed to the care of the county agent and confined in the detention home until the further order of the probate court.

SNOW and McDONALD, JJ., concurred with BIRD, C. J.

WIEST, J.    I am not in accord with the opinion prepared by the Chief Justice.    It may be well to state the case we have before us:    Defendant believed that August LaPlant, a neighbor, had money, so, July 10, 1925, he took a rifle and shells from the family home, and, accompanied by his 11-year old brother, lay in wait alongside the railroad track over which he knew Mr. LaPlant would walk on his return from the city of Negaunee.    When Mr. LaPlant had passed the hiding place, defendant stepped upon the railroad track and shot him in the back, killing him instantly. Then defendant robbed the body of a pocket-book con-

taining upward of $50, rolled the body from the track, covered it with old railroad ties, went to a nearby lake and threw the rifle therein, marked the place, however, with a stick, remained in the woods until evening, and then returned home.   Upon these unquestioned facts defendant was convicted of murder in the second degree.   At the date of the commission of the offense, defendant lacked 35 days of being 15 years of age, and was then a ward of the juvenile court on account of a delinquency some few months previous.   Proceedings against defendant were instituted in the juvenile division of the probate court July 15, 1925, and defendant sent to a place of detention pending consideration and determination of his case.   While so under detention, the juvenile court, by order made August 26, 1925, waived jurisdiction that defendant might be charged with and tried for the felony in the circuit court.

In considering the provisions of the juvenile court act, we should keep in mind certain principles firmly established for the protection of life and the safeguarding of society.   Our statutes define degrees of murder and prescribe punishments, but leave prosecutions to follow the course of the common law.   Construction of the juvenile court act is aided by consideration of all of its provisions, and, when this is done, it clearly appears that it is the age of the child when charged in a criminal proceeding with a felony rather than his age at the time of the commission of a felony that is contemplated.   At the time defendant committed the crime of murder, and when the proceeding was instituted in the juvenile court and when that court waived jurisdiction that a criminal prosecution might be instituted in the circuit court, there stood upon the statute book the following provision with reference to juvenile courts:

"Proceedings under this act shall not be deemed to be criminal proceedings and this act shall not prevent

the trial by criminal procedure in the proper courts of children over fourteen years of age, charged with the commission of a felony." 1 Comp. Laws 1915, § 2012.

That provision clearly related to criminal proceedings in the circuit court against children over 14 years of age at the time of trial, if charged with the commission of a felony. The provision mentioned remained a part of the statute until amended by Act No. 117, Pub. Acts 1925, unless repealed by implication by amendment to other sections by Act No. 105, Pub. Acts 1923. The act of 1925 was not effective until the day after the order in the juvenile court waiving jurisdiction to the circuit court. Section 6, Act No. 105, Pub. Acts 1923, the proviso of which is cited by my Brother, does not, by implication, repeal the earlier provision of another section. That section, as amended, related only to children under the age of 17 years arrested upon criminal charges, for it provides that an officer making such an arrest shall file a petition in the juvenile court, and also makes it the duty of courts of criminal jurisdiction to transfer any pending case, in which it appears a child, being prosecuted therein, is under the age of 17 years, to the juvenile division of the probate court. Then comes the proviso my Brother thinks has reference to the age of defendant at the time he committed the felony, and which I think has reference to the age of defendant when he was charged, under criminal procedure, with the commission of the felony. The proviso bears relation solely to the section of which it is a qualifying part. Now, having in mind that section 6 relates solely to children arrested, and against whom a charge of crime is pending in the criminal courts, let us read the proviso:

"*Provided, however,* That in any case where a child over the age of fifteen years is charged with a felony, the judge of probate may, after investigation and ex-

amination, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense."

This clearly relates to a charge of crime pending in a court of criminal jurisdiction. Where a child under the age of 17 years and above the age of 15 years is charged in a criminal proceeding with a felony, and his age is ascertained during the pendency of a criminal case against him, the officer making the arrest, or the court ascertaining the age, must submit the matter to the juvenile court, and that court may, where a child over the age of 15 years is so charged with a felony, waive jurisdiction and permit the child to be tried in the court having general criminal jurisdiction of the offense. Section 2012, 1 Comp. Laws 1915, before mentioned, recognized the accountability of children over 14 years of age charged with the commission of a felony. Section 6, Act No. 105, Pub. Acts 1923, did not, by implication, repeal that section.

The learned circuit judge accepted the act of 1923 as it reads, and held the language that, in any case where a child over the age of 15 years is charged with a felony, the judge of probate may waive jurisdiction, contemplates the age at the time of the charge in a court of criminal jurisdiction, and not the age at the time of committing the felony. The circuit judge was right. Such construction avoids an astounding possibility attending my Brother's construction.

Suppose a youth, one day under 15 years of age, lies in wait, deliberately shoots and kills a neighbor, robs and hides the body, conceals the weapon, and is not discovered as the murderer until he is one day past the age of 17 years, then, if my Brother is right, the offender is beyond the reach of the law, for his age at the date of the crime fixes exclusive jurisdiction in the juvenile court, and that court has no jurisdiction

over one arrested after reaching the age of 17 years, and he cannot be charged with a felony in the circuit court, for, at the date of the murder, he was not 15 years of age. There is no limitation of time within which one committing a murder must be charged therewith, and a construction of this statute which would bar prosecution of a murderer, if a youth a few days under 15 years of age when he committed the crime, and avoids discovery until he is above the age of 17 years, cannot have my sanction. My Brother's opinion would render this law a statute of limitations under the supposed case I have stated. Clearly the legislature never intended that, under any circumstances, a prosecution for murder should be barred.

The statute in question leaves with the judge of the juvenile court determination whether jurisdiction will be retained or be waived, thereby providing for the sifting of those who should respond for their crimes from those who can be weaned from vicious habits and turned to respectable citizenship. The juvenile law does not proceed on the theory that there is a period of irresponsibility in regard to crime or legal incapacity to commit crime by children, but leaves the well-known common-law rule in full force, except as to procedure against offenders under the age of 15 years at the time they are charged with a felony. Defendant was not, and could not be charged with or held for the crime of murder in the juvenile court; that court has no jurisdiction over criminal offenses, for the proceedings there are in no sense criminal. One is not in law charged with a felony, within the meaning of this statute, until the charge is made in a court having criminal jurisdiction. The juvenile law is commendable in purpose, and recognizes there may be felonies committed by vicious juveniles for whom the benign provisions of that law would prove wholly unsuited and against whom the criminal law should take its course.

We must assume the legislature employed the term "charged with a felony" in its sense applicable to a prosecution in a court of criminal jurisdiction. The term, in such sense, has been defined by the courts to mean an accusation of crime in a proceeding in a court having cognizance of criminal prosecutions.

A charge is the first step in the prosecution of a crime; it is an accusation in legal form, made in the course of procedure for the apprehension of an offender and his trial before a court of competent jurisdiction.

"A criminal charge, strictly speaking, exists only when a formal written complaint has been made against the accused and a prosecution initiated. It is true the popular understanding of the term is 'accusation,' and it is freely used with reference to all accusations, whether oral, in the newspapers, or otherwise; but in legal phraseology it is properly limited to such accusations as have taken shape in a prosecution. In the eyes of the law a person is charged with crime only when he is called upon in a legal proceeding to answer to such a charge. Mere investigation by prosecuting officers, or even the inquiry and consideration by examining magistrates of the propriety of initiating a prosecution, do not of themselves create a criminal charge." United States v. Patterson, 150 U. S. 65 (14 Sup. Ct. 20).

The cases cited by my Brother, with two exceptions, relate to prosecutions in the criminal courts without preliminary proceedings in the juvenile courts. In Mattingly v. Commonwealth, 171 Ky. 222 (188 S. W. 370), the court held, under a statute somewhat different from ours, that the date of the crime governs the question of jurisdiction. We have stated our reasons for not following this decision.

In State v. Coble, 181 N. C. 554 (107 S. E. 132), the court followed the rule stated in Mattingly v. Commonwealth, supra. The statute of Tennessee involved in Sams v. State, 133 Tenn. 188 (180 S. W. 173), is not at all like ours. In State v. Thomas, 250

Mo. 189 (157 S. W. 330), the question of the juris-diction of the juvenile court turned on the age of defendant at the time of the trial.    In *People* v. *Oxnam,* 170 Cal. 211 (149 Pac. 165), it appears the statute of California made it the duty of judges, upon the suggestion that,

" 'the person charged is under 18 years of age,' * * * to suspend all proceedings and examine into the question of age, and if, 'from such examination, it shall appear to the satisfaction of said judge * * * that said person is under the age above specified,' he shall certify the matter to the juvenile court, and 'immediately thereupon all proceedings against the said person on said charge shall be suspended until said juvenile court shall issue its mandate * *. * directing the court * * * to proceed.' "

That statute appears to relate to age at the time of trial.    The same may be said of *In re Tom,* 17 Cal. App. 678 (121 Pac. 294), and *Ex parte Parnell* (Okla. Cr.), 200 Pac. 456.

While the waiver of jurisdiction was made at a time defendant had not yet been charged, under criminal procedure, with a felony, I think the waiver was valid.

The conviction is affirmed, and judgment advised.

SHARPE, STEERE, FELLOWS, and CLARK, JJ., concurred with WIEST, J.