[Crim. No. 979.   Third Appellate District.—September 13, 1927.]

## THE PEOPLE, Respondent, v. JOSEPH TOSSEY, Appellant.

Mrs. V. E. Parkinson for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information herein, charging the defendants with the crime of robbery, was filed October 21, 1926.   On their arraignment two days later the defendants appeared without counsel and, after being duly informed of their rights, stated that they did not desire counsel to represent them.   Tossey, who will be referred to as the defendant, stated that his true name is James Trautman.   They both entered pleas of guilty and waived time for pronouncing sentence.   The court thereupon examined Tossey, who was not under oath, however, in part as follows: "Q. How old are you, Trautman?   A. Fifteen.   Q. Fifteen?   A. Yes sir.   Q. Tell me the truth about it, how old are you?   A. I told you the truth, sir.   Q. You are only fifteen?   A. Yes, sir.   Q. You are a big boy for fifteen. . . . I don't know as I can send a

boy of your age to San Quentin, to state's prison. . . . A. I never knew you could send a juvenile to prison. Q. Of course you can; that doesn't prevent sending you to prison; don't think you are immune because you are a juvenile that you can go out and commit any crime. A. I never meant that; but what are our reformatories for? Q. . . . What year were you born? A. 1911. . . . Q. At the time you committed this robbery, did you have any deadly weapons with you? A. Yes sir. Q. A gun? A. Yes sir. Q. What did you do, point the gun at him? A. Yes sir. Q. And make him give up his overcoat? A. Yes sir. Q. Did you tell him to stick up his hands? A. Yes sir. Q. Was the gun loaded? A. Yes sir. Q. Who did the gun belong to? A. Me. Q. And where did you get the gun? A. At Evanston, Wyoming. Q. How many other similar hold-ups had you committed on the way out here from Wyoming? A. I think four. Q. The two of you together? A. No, sir. Q. How many have you committed since the two of you were together, you and Pulliam? A. Four. . . . Q. Had you stuck anybody up before you met Pulliam? A. Yes sir. Q. How many times had you stuck anyone up before you met him? A. Four. . . . I pulled four myself and four with him." The court then sentenced appellant to imprisonment in the state prison. In doing so, the court said: "When sentencing this defendant to San Quentin, the court takes into consideration the fact this is not his first offense; he seems to have started out on a wild career of crime, traveling through the country committing these hold-ups by the use of deadly weapon. It is a case, under the law, that does not permit of the granting of probation, and it would be a tragedy to take a boy like this and send him to the reform school among other young boys, a fellow who is a wholesale highwayman, just going there for the purpose of educating other boys in similar crime." The court apparently proceeded upon the theory that sections 4d and 6 of the Juvenile Court Law are inapplicable to cases pending in the superior court. It does not appear that any suggestion was made on defendant's preliminary examination that he was under the age of eighteen years, and the first suggestion to that effect was made by the defendant in his aforesaid examination by the superior court after the entry of his plea of guilty, and no application or request was then made to

certify the case to the juvenile court. Thereafter, on application to division two of the district court of appeal, first district, for a writ of *habeas corpus* it was held that the trial court had exceeded its jurisdiction in sentencing the defendant to imprisonment without having first certified the case to the juvenile court, and it was "ordered that said defendant be discharged from the custody of the warden at San Quentin prison, and that said minor be delivered into the custody of the sheriff of the county of Sacramento, and the he be there dealt with as provided by law." (*Ex parte Tassey*, 81 Cal. App. 287 [253 Pac. 948].) Thereafter the defendant was taken into the trial court and, for the first time, application was made to that court that the case be referred to the juvenile court. The case was so referred and thereafter the juvenile court, after reciting the history of the case, made the following finding and order:

"The said James Trautman, true name Joseph Tossey, appeared in person, represented by his attorney, Mrs. Valla Parkinson, and after hearing evidence, and being fully advised in the premises, and it appearing that the said James Trautman, true name Joseph Tossey, is not a fit and proper subject to be dealt with under the provisions of the Juvenile Court Law, Now, therefore, it is hereby ordered, adjudged and decreed . . . that the said James Trautman, true name Joseph Tossey, be and he is hereby certified to the superior court, there to be prosecuted under the general law, and he is remanded to the custody of the sheriff."

Thereafter the defendant was again taken into the superior court, whereupon his counsel asked that he be permitted to withdraw his plea of guilty and enter a plea of robbery of the second degree, and the defendant testified, in support of the request, that the gun used in committing the robbery was not loaded at that time, but the court denied the request and sentenced the defendant to imprisonment in the state prison. The defendant has appealed from the judgment.

The Juvenile Court Law provides:

"Sec. 4d. No person under the age of eighteen years at the time of the commission of an alleged offense or crime shall be prosecuted for crime until the matter has first been submitted to the juvenile court by petition as hereinbefore

provided, or by certificate of the *lower* court as hereinafter provided." (Stats. 1915, p. 1228.)

"Sec. 6. Whenever a deposition or complaint shall be filed in any court *other than a superior court* charging a person with a crime and it shall be suggested or shall appear to the judge, justice or recorder before whom such person is brought that the person charged was at the date the offense is alleged to have been committed under the age of eighteen years, said judge, justice or recorder, shall immediately *suspend* all proceedings against such person on said charge and examine into the age of such person, and if, from such examination, it shall appear to the satisfaction of said judge, justice or recorder, that such person was at the date the offense is alleged to have been committed under the age of eighteen years, he shall forthwith certify to the juvenile court of his county (a) that said person . . . is charged with such crime . . . ; (b) that said person appears to be under the age of eighteen years, . . . and (c) that proceedings have been *suspended* against such person on such charge by reason of his age, . . . ; and immediately thereupon all proceedings against the said person on said charge shall be *suspended* until said juvenile court shall issue its mandate, as hereinafter provided, directing the court before which said charge was made to proceed with the examination into or trial thereof. . . . If such judge (of the juvenile court) shall at any time conclude that such person is not a fit subject for further consideration under this act, . . . he may remand such person to the court in which said person is charged with said offense for further proceedings on said charge, and upon receipt of the mandate of said juvenile court, or the judge thereof, the court before which said charge is then pending shall be vested with full authority to proceed with the examination or trial thereof." (Stats. 1921, p. 799.)

Appellant contends that "the Superior Court had competent jurisdiction up to and including the determination of the age of the infant. From that point on in case at bar all proceedings were void and the reassigning of the case to the Superior Court from the Juvenile Court could not in any manner validate any irregularity in the former proceedings." Without expressing any opinion as to whether the superior court had jurisdiction to enter the first judgment or whether

sections 4d and 6 are applicable to cases pending in the superior court, and assuming, for the purposes of this opinion, that such sections are so applicable and that the court was without jurisdiction to enter such judgment, it may be conceded that counsel's statement is correct. But the defendant had entered his plea of guilty prior to any suggestion that he was under the age of eighteen years. The statute does not provide that upon such suggestion being made the proceedings theretofore had shall be vacated or become of no effect, but that all proceedings shall be suspended until the juvenile court shall direct the court in which the defendant is charged to proceed with the case. The reasonable interpretation of the statute appears to be that all proceedings prior to any suggestion that a defendant is under eighteen years of age are perfectly valid and need not be repeated on his being remanded by the juvenile court. This is in accordance with the ordinary and natural meaning of the word ''suspend'' as used in the statute. The most that can be said in favor of a defendant under such circumstances is that the trial court should resume proceedings at the point where the statute required the suspension thereof, all subsequent proceedings prior to the certification to the juvenile court being treated as void. If the defendant had been tried and found guilty and had thereupon, for the first time, suggested that he was under eighteen years of age, it would hardly be contended that the subsequent certification of the case to the juvenile court and that court's remand of the defendant to the trial court would have the effect of vacating the verdict and making a new trial necessary. It does not appear why a different rule should apply in case of a plea of guilty. The following cases, while not directly in point, are at least consistent with the foregoing views: *In re Wolff,* 183 Cal. 602 [192 Pac. 33]; *People* v. *Wolff,* 182 Cal. 728 [190 Pac. 22]; *People* v. *Oxman,* 170 Cal. 211 [149 Pac. 165]; *In re Northon,* 35 Cal. App. 369 [169 Pac. 1051]; *In re Tom,* 17 Cal. App. 678 [121 Pac. 294].

The judgment is affirmed.

Burroughs, J., *pro tem.*, and Plummer, J., concurred.